[No. S147980. Aug. 31, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
BYRON JEROME BROOKFIELD, Defendant and Appellant.

COUNSEL

Corinne S. Shulman and Mark D. Greenberg, under appointments by the Supreme Court, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans, Janet Neeley, Peter W. Thompson and Kathleen A. McKenna, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

KENNARD, J.—In this case, a companion to *People v. Jones* (2009) 47 Cal.4th 566 [98 Cal.Rptr.3d 546, 47 Cal.4th 566], we must interpret subdivision (e)(2) of Penal Code section 12022.53 (section 12022.53(e)(2)). That provision states: "An enhancement for participation in a criminal street gang . . . shall *not* be imposed . . . *in addition to*" an enhancement under Penal Code section 12022.53 for firearm use *unless* the defendant "personally used or personally discharged a firearm in the commission of the offense." (Italics added.)

Here, defendant was convicted of a gang-related crime in the commission of which he did *not* personally discharge a firearm, but a companion did. The trial court sentenced defendant to life imprisonment because of his participation in a criminal street gang; the court also imposed additional punishment because of the companion's firearm use. We conclude that the life sentence was proper but that the additional punishment for firearm use was not. We affirm the judgment of the Court of Appeal, which reached the same conclusion, albeit for different reasons.

I

Freddie Mae Jackson testified that on June 14, 2004, the driver of a gray car fired seven or eight shots out of the car's passenger window at a Bakersfield apartment building, and she identified defendant as a passenger in the car. Bakersfield Police Officer Mark Herman testified that defendant was a member of the Bloods, a criminal street gang. Rejecting defendant's alibi defense, the jury convicted him of shooting at an inhabited dwelling (Pen. Code, § 246)[1] and of conspiring to commit that crime (§ 182, subd. (a)(1)). The jury found, as to each of these two offenses, that defendant committed the crime "for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in

---

[1] All further statutory citations are to the Penal Code.

any criminal conduct by gang members." (§ 186.22, subd. (b)(1).) The jury also found, as to each crime, that defendant was a principal in the offense and that at least one principal used a firearm within the meaning of subdivisions (b) and (e)(1) of section 12022.53.

For the crime of shooting at an inhabited dwelling, the trial court—applying the sentencing provision in subdivision (b)(4) of section 186.22 (pertaining to crimes committed to benefit a criminal street gang; hereafter section 186.22(b)(4))—sentenced defendant to life in prison, with a minimum term of 15 years, and it added a 10-year term under subdivisions (b) and (e)(1) of section 12022.53 because a principal in the crimes had used a firearm in committing the offense. For the crime of conspiracy, the trial court imposed a five-year prison term, and an additional five years because defendant committed the crime to benefit a criminal street gang (§ 186.22, subd. (b)(1)); the latter term was stayed under section 654, which prohibits multiple punishment for the same act.

In the Court of Appeal, defendant challenged the life term that was imposed because his crime of shooting at an inhabited dwelling was committed to benefit a criminal street gang. He relied on section 12022.53(e)(2), which provides: "An enhancement for participation in a criminal street gang . . . shall not be imposed . . . in addition to" an enhancement under section 12022.53 for firearm use unless the defendant personally discharged a firearm in the commission of the offense. Noting that he did not personally use a firearm (his companion did, and defendant was convicted as an accomplice), defendant argued on appeal that under this subdivision the trial court's imposition of a 10-year sentence enhancement for use of a firearm precluded it from also imposing a life term based on defendant's participation in a criminal street gang.

In response to defendant's argument in the Court of Appeal, the Attorney General contended that section 12022.53(e)(2), on which defendant relied, was inapplicable because defendant had not committed a crime that was subject to additional punishment under section 12022.53, and that instead of vacating defendant's life sentence, the Court of Appeal should vacate the 10-year sentence enhancement under section 12022.53's subdivisions (b) and (e)(1), which come into play when a principal in the crime personally uses a firearm. Noting that section 12022.53's additional punishments apply only to certain statutorily specified crimes, the Attorney General asserted in the Court of Appeal that defendant's convictions for shooting at an inhabited dwelling and for conspiracy to commit that offense did not fall into any of the statutorily specified categories. Under this view, defendant's life sentence

(with a minimum term of 15 years)—imposed by the trial court under section 186.22(b)(4)'s street gang provision—was valid, but imposition of the additional 10 years under subdivisions (b) and (e)(1) of section 12022.53 was not.

The Court of Appeal agreed with the Attorney General. It upheld defendant's life sentence under section 186.22(b)(4), but it directed the trial court to vacate defendant's 10-year sentence enhancement imposed under subdivisions (b) and (e)(1) of section 12022.53. The Court of Appeal rejected the trial court's reasoning that because defendant's crime of shooting at an inhabited dwelling was punishable by life imprisonment under section 186.22(b)(4) (pertaining to crimes committed to benefit a criminal street gang), it was a *"felony punishable by* death or *imprisonment* in the state prison *for life"* (§ 12022.53, subd. (a)(17), italics added), and therefore it was an offense to which section 12022.53's additional penalties applied. In the Court of Appeal's view, defendant's life term under section 186.22(b)(4) was a sentence "enhancement" that was not attributable to his crime of shooting at an inhabited dwelling (which by itself carries a range of three prison terms, none of which is a life sentence); the court held that "subdivision (a)(17) of section 12022.53 is only applicable where the underlying felony itself provides for a life sentence, without regard to enhancements that are not included within the definition of the felony." We granted defendant's petition for review.

## II

This case, like the companion case of *People v. Jones, supra,* 47 Cal.4th 566, involves the interplay between two highly complex statutes: section 186.22, which targets participants in criminal street gangs; and section 12022.53, also known as "the 10-20-life law" (*People v. Oates* (2004) 32 Cal.4th 1048, 1052 [12 Cal.Rptr.3d 325, 88 P.3d 56]), which "prescribes substantial sentence enhancements for using a firearm in the commission of certain listed felonies" (*ibid.*). As we did in *Jones,* we begin our analysis of the issues with a brief overview of these two statutes.

### A. *Section 186.22*

Section 186.22 was enacted in 1988 as part of the California Street Terrorism Enforcement and Prevention Act. This complex legislation became even more so in 2000, when California's voters passed Proposition 21, an initiative measure that made many changes to laws pertaining to juvenile offenders and gang-related crimes. Section 186.22 was one of the affected laws. Pertinent here is that statute's subdivision (b), which imposes substantial penalties for anyone convicted of a crime committed "for the benefit of, at the direction of, or in association with any criminal street gang, with the

specific intent to promote, further, or assist in any criminal conduct by gang members." (§ 186.22, subd. (b)(1).)[2]

■ Under subdivision (b) of section 186.22, most felonies committed to benefit a criminal street gang are subject to an additional prison term of two, three, or four years, at the trial court's discretion (§ 186.22, subd. (b)(1)(A)); if the underlying felony is a "serious" felony, the additional prison term is five years (*id.*, subd. (b)(1)(B)); and if the underlying felony is a "violent" felony, the additional term is 10 years (*id.*, subd. (b)(1)(C)).[3] If the felony that is committed to benefit a criminal street gang is "a home invasion robbery . . . ; carjacking . . . ; *a felony violation of Section 246* [the offense committed by defendant here]; or a violation of Section 12022.55" (§ 186.22, subd. (b)(4)(B), italics added), the penalty is "an indeterminate term of *life imprisonment* with a minimum term of the indeterminate sentence calculated as the greater of: [¶] (A) The term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 3046 . . . . [or] [¶] (B) Imprisonment in the state prison for 15 years . . ." (*id.*, subd. (b)(4), italics added).

### B. *Section 12022.53*

■ Section 12022.53 imposes increasingly severe sentence enhancements for firearm use in the commission of certain felonies set forth in subdivision (a) of that section. Among those felonies is "[a]ny *felony punishable by* death or *imprisonment* in the state prison *for life*." (§ 12022.53, subd. (a)(17), italics added.) (As noted earlier, defendant was sentenced to life imprisonment based on the jury's finding that he committed the crime of shooting at an inhabited dwelling [§ 246] to benefit a criminal street gang [§ 186.22(b)(4)].)

Under section 12022.53, a defendant's *personal use* of a firearm in the commission of a specified felony results in an additional 10-year prison term (§ 12022.53, subd. (b)), personal and intentional discharge of a firearm leads to an additional 20 years (*id.*, subd. (c)), while personal and intentional discharge of a firearm resulting in death or great bodily injury to a person other than an accomplice adds a prison term of 25 years to life (*id.*, subd. (d)) to the sentence for the underlying crime.

---

[2] For the sake of simplicity, this opinion uses the shorthand phrase "to benefit a criminal street gang" to refer to crimes that, in the statutory language, were committed "for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members." (§ 186.22, subd. (b)(1).)

[3] Serious felonies are defined in subdivision (c) of section 1192.7; violent felonies are defined in subdivision (c) of section 667.5.

Subdivision (e) of section 12022.53 explains how a trial court is to sentence a defendant in a case in which the provisions of sections 186.22 and 12022.53 *both* apply. Subdivision (e)(1) of section 12022.53 provides: "The enhancements provided in this section shall apply to any person who is a principal in the commission of an offense if both of the following are pled and proved: [¶] (A) The person violated subdivision (b) of Section 186.22. [¶] (B) Any principal in the offense committed any act specified in subdivision (b), (c), or (d)." Because here a principal in the crime of shooting at an inhabited dwelling had personally used a firearm, the trial court imposed the 10-year enhancement provided for in subdivision (b) of section 12022.53. And section 12022.53(e)(2) provides: "An enhancement for participation in a criminal street gang pursuant to Chapter 11 (commencing with Section 186.20) of Title 7 of Part 1 shall not be imposed on a person in addition to an enhancement imposed pursuant to this subdivision, unless the person personally used or personally discharged a firearm in the commission of the offense."

■ Section 12022.53's subdivision (e)(1) has this effect: Ordinarily, section 12022.53's sentence enhancements apply only to *personal* use or discharge of a firearm in the commission of a statutorily specified offense, but when the offense is committed to benefit a criminal street gang, the statute's additional punishments apply even if, as in this case, the defendant did not personally use or discharge a firearm but another principal did. Section 12022.53(e)(2), however, limits the effect of subdivision (e)(1). A defendant who *personally* uses or discharges a firearm in the commission of a gang-related offense is subject to *both* the increased punishment provided for in section 186.22 *and* the increased punishment provided for in section 12022.53. In contrast, when another principal in the offense uses or discharges a firearm but the defendant does not, there is no imposition of an "enhancement for participation in a criminal street gang . . . in addition to an enhancement imposed pursuant to" section 12022.53. (§ 12022.53(e)(2).)

## III

The threshold inquiry we need to answer is this: When a defendant is sentenced to a life term for the felony of shooting at an inhabited dwelling (§ 246) because the defendant committed that crime to benefit a criminal street gang (§ 186.22, subd. (b)(4)(B)), is that offense a "felony punishable by . . . imprisonment in the state prison for life" within the meaning of subdivision (a)(17) of section 12022.53, thereby triggering the 10-year additional punishment under subdivisions (b) and (e)(1) of section 12022.53 for personal use of a firearm by a principal in the offense? As we explain in the

companion case of *People v. Jones, supra,* 47 Cal.4th 566, the answer to this question is "yes." Our reasoning follows.

Shooting at an inhabited dwelling (§ 246) is, by itself, punishable by a term of three, five, or seven years in prison, at the trial court's discretion. But when that crime is committed to benefit a criminal street gang, as the jury here found, the penalty is life imprisonment, with a minimum term of no less than 15 years. (§ 186.22(b)(4).) As the companion case of *People v. Jones, supra,* 47 Cal.4th at page 576, holds, that life term does *not* (contrary to the Court of Appeal's conclusion in this case) constitute a sentence *enhancement,* because it is not imposed *in addition* to the sentence for the underlying crime (here, shooting at an inhabited dwelling); rather, it is an *alternate penalty* for that offense. Because the felony that defendant committed (shooting at an inhabited dwelling) was punishable by a life term under section 186.22(b)(4) (because it was committed to benefit a criminal street gang), he committed a "felony punishable by . . . imprisonment in the state prison for life" within the meaning of subdivision (a)(17) of section 12022.53. Both defendant and the Attorney General agree on this.[4]

They disagree, however, on the effect of section 12022.53(e)(2), which states: "An enhancement for participation in a criminal street gang pursuant to Chapter 11 (commencing with Section 186.20) of Title 7 of Part 1 shall not be imposed on a person in addition to an enhancement imposed pursuant to this subdivision, unless the person personally used or personally discharged a firearm in the commission of the offense."

According to the Attorney General, section 12022.53(e)(2) does not limit defendant's sentence in this case. Section 186.22, the Attorney General explains, contains not only sentence enhancements—added terms of two, three, or four years (§ 186.22, subd. (b)(1)(A)); five years (§ 186.22, subd. (b)(1)(B)); or 10 years (§ 186.22, subd. (b)(1)(C))—but also penalty provisions. The latter are the life sentence under section 186.22(b)(4), which applies here, and two others described in subdivisions (b)(5) and (d) of section 186.22. Noting that section 12022.53(e)(2), by its terms, precludes the imposition of "[a]n *enhancement* for participation in a criminal street gang" (italics added) in addition to an increased penalty imposed under section 12022.53, the Attorney General argues that section 12022.53(e)(2) does not prohibit imposition of a life term under section 186.22(b)(4) in addition to a sentence enhancement under section 12022.53 (as occurred in this case), because the life term is not a sentence "enhancement" but an *alternate*

---

[4] Defendant has taken this position from the outset. The Attorney General, however, has taken inconsistent positions. In the Court of Appeal, he characterized a life term under section 186.22(b)(4) as a sentence enhancement, but he now insists that it is an alternate penalty.

*penalty* for the underlying crime of shooting at an inhabited dwelling, which, by itself, is punishable by a prison term of three, five, or seven years, at the trial court's discretion.

■ Defendant disagrees. He argues that the term "enhancement," as used in section 12022.53(e)(2), encompasses not only an *additional prison term* but also *any greater term of imprisonment* (such as a penalty provision) that is imposed because the underlying crime was committed to benefit a criminal street gang. Under this statutory construction, when (as here) a trier of fact finds to be true an allegation justifying imposition of a life term under section 186.22(b)(4)'s penalty provision based on street gang participation, *and* finds to be true a sentence enhancement allegation under section 12022.53 for firearm use, and when (as here) section 12022.53's sentence enhancement applies because *a principal other than the defendant* used a firearm in committing the offense, the trial court may not impose the sentence enhancement under section 12022.53 *in addition to* a life term under section 186.22(b)(4). As explained below, we agree with defendant.

■ "In construing a statute, our role is to ascertain the Legislature's intent so as to effectuate the purpose of the law. [Citation.] In determining intent, we must look first to the words of the statute because they are the most reliable indicator of legislative intent. [Citation.]" (*People v. Lopez* (2003) 31 Cal.4th 1051, 1056 [6 Cal.Rptr.3d 432, 79 P.3d 548].) "We do not, however, consider the statutory language 'in isolation.' [Citation.] Rather, we look to 'the entire substance of the statute . . . to determine the scope and purpose of the provision . . . . [Citation.]' [Citation.] That is, we construe the words in question ' "in context, keeping in mind the nature and obvious purpose of the statute . . . ." ' " (*People v. Murphy* (2001) 25 Cal.4th 136, 142 [105 Cal.Rptr.2d 387, 19 P.3d 1129].)

With these principles in mind, we examine section 12022.53(e)(2). We acknowledge that decisions of this court in the last decade have, in construing various subdivisions of section 186.22 (the primary section referred to by the word "enhancement" in § 12022.53(e)(2)), drawn a distinction between penalty provisions and sentence enhancements in that section; these decisions have construed the word "enhancement" as meaning an *additional* term of imprisonment, explaining that a penalty provision is not a sentence enhancement because the former provides an *alternate* penalty rather than an *additional* punishment. (See *People v. Briceno* (2004) 34 Cal.4th 451, 460, fn. 7 [20 Cal.Rptr.3d 418, 99 P.3d 1007] [characterizing various subdivisions of § 186.22 as either enhancements or penalty provisions]; *Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 899 [135 Cal.Rptr.2d 30, 69 P.3d 951] [§ 186.22's subd. (d), which provides that any public offense punishable as a felony or a misdemeanor is punishable by one, two, or three years in prison

when committed to benefit a criminal street gang, is a penalty provision, not a sentence enhancement]; *People v. Jefferson* (1999) 21 Cal.4th 86, 101 [86 Cal.Rptr.2d 893, 980 P.2d 441] [§ 186.22(b)(4) is a penalty provision, not a sentence enhancement]; see also *People v. Acosta* (2002) 29 Cal.4th 105, 118 [124 Cal.Rptr.2d 435, 52 P.3d 624] [25-year minimum prison term described in § 667.61 is a penalty provision, not a sentence enhancement]; *People v. Murphy, supra,* 25 Cal.4th at p. 154 [punishment described in § 666 is a penalty provision, not a sentence enhancement].) The Attorney General urges us to give the word "enhancement" in section 12022.53(e)(2) this same meaning.

If the cases cited in the preceding paragraph had already been decided when the Legislature enacted section 12022.53, it would be reasonable to infer that the Legislature was aware of the distinction this court has drawn between the sentence enhancements and the penalty provisions set forth in section 186.22, and that the Legislature intended the word "enhancement" in the statute to have the narrow meaning articulated by this court. That narrow meaning is this: The word "enhancement" refers *only* to a sentence enhancement, not a penalty provision. But the cases in question were decided *after* the Legislature's enactment of section 12022.53 in 1997.[5] Thus, the Legislature did not have the benefit of this court's later decisions that have given the term "enhancement" the narrow meaning that the Attorney General argues we should apply to that term in section 12022.53(e)(2).

It appears that the Legislature's use of the term "enhancement" in section 12022.53(e)(2) was intended to refer broadly to any greater term of imprisonment for a crime that, as here, is committed to benefit a criminal street gang. This means that, as used in the statute, the word "enhancement" includes not only the sentence enhancements in section 186.22, but also the alternate penalty provisions in that section. Our reasons follow.

Section 12022.53's sentencing scheme distinguishes between four types of offenders. The first group consists of those offenders who personally used or discharged a firearm in committing a gang-related offense that is specified in section 12022.53. These defendants are subject to *both* to the harsh enhancement provisions of 12022.53 *and* the gang-related sentence increases of section 186.22. The second group consists of *accomplices* to a gang-related offense specified in section 12022.53 in which, as here, not the defendant but

---

[5] In a footnote in *People v. Bright* (1996) 12 Cal.4th 652 [49 Cal.Rptr.2d 732, 909 P.2d 1354], decided a year *before* the Legislature enacted section 12022.53, this court explained that a clause in section 664 imposing a penalty of life imprisonment for an attempt to commit willful, deliberate, and premeditated murder, is a penalty provision, not a sentence enhancement. (*People v. Bright, supra,* 12 Cal.4th at p. 656, fn. 2.) But that case did not discuss the gang-related sentence increases of section 186.22, at issue here.

another principal personally used or discharged a firearm. They are subject to additional punishment under *either* section 12022.53 *or* the gang-related sentence increases under section 186.22, but not *both*. The third group consists of those who personally used or discharged a firearm during an offense that is specified in section 12022.53 but is *not gang related.* They are subject to additional punishment under section 12022.53, but because the crime is not gang related, the gang-related sentence increases of section 186.22 do not apply. The fourth group consists of those who committed a crime that is listed in section 12022.53 but is not gang related, and who did not personally use or discharge a firearm. This last group of defendants is not subject *either* to the gang-related sentence increases of section 186.22 (because the crime was not gang related) *or* to the additional punishment provisions of section 12022.53 (because the offender did not personally use or discharge a firearm).

The Attorney General's argument here that we should construe the term "enhancement" in section 12022.53(e)(2) as meaning an "additional term of imprisonment"—the narrow, technical meaning generally used in this court's past decisions—would partially nullify, in some cases, the distinction that the Legislature sought to draw between the first two of the four groups of offenders described in the preceding paragraph: those who personally used firearms in gang-related felonies, and those who were merely accomplices to such offenses. To accept the Attorney General's statutory interpretation would have the following effect: A defendant who in a gang-related offense personally used or discharged a firearm would be punished more harshly than an accomplice to such an offense in cases in which an increased sentence is imposed under a *sentence enhancement provision* of section 186.22; but when an increased sentence is imposed under a *penalty provision* of section 186.22, the perpetrator who personally used or discharged the gun and the accomplice who did not do so would receive equally severe penalties. To allow such a result would be inconsistent with the Legislature's apparent goal, in section 12022.53's subdivision (e), of reserving the most severe sentences for those who *personally* used or discharged a firearm in the commission of a gang-related crime.

Unlike the Attorney General's interpretation, defendant's construction of the word "enhancement" in section 12022.53(e)(2) is consistent with the legislative purpose described above. Under defendant's statutory interpretation, a defendant who *personally* used or discharged a firearm in a gang-related felony specified in section 12022.53 will be subject to greater punishment for *both* gang participation under section 186.22 *and* firearm use under section 12022.53, but an accomplice who, as defendant here, did not personally use or discharge a firearm would be subject to an increased sentence under *only one* of those two statutes.

Nothing in this opinion should be read as undermining the validity of the strict distinction this court has drawn in the past between sentence enhancements and penalty provisions in other contexts. (See *People v. Briceno, supra,* 34 Cal.4th at p. 460, fn. 7; *Robert L. v. Superior Court, supra,* 30 Cal.4th at p. 899; *People v. Acosta, supra,* 29 Cal.4th at p. 118; *People v. Murphy, supra,* 25 Cal.4th at p. 154; *People v. Jefferson, supra,* 21 Cal.4th at p. 101.) This is a distinction that the Legislature may want to consider in any future legislation on the subject.

█ For the reasons described above, we conclude that the word "enhancement" in section 12022.53(e)(2) refers to both the sentence enhancements in section 186.22 *and* the penalty provisions in that statute. Thus, that provision barred the trial court here from imposing *both* the penalty of a life term under section 186.22(b)(4) and the 10-year sentence enhancement under subdivisions (b) and (e)(1) of section 12022.53. Which of the two should the court have imposed? According to defendant, only the 10-year sentence enhancement. Defendant relies on the language in section 12022.53(e)(2) stating that enhancements for street gang participation "shall not be imposed . . . *in addition to* an enhancement imposed pursuant to this subdivision, unless the [defendant] personally used or personally discharged a firearm in the commission of the offense." (Italics added.) Relying on the italicized words in the statutory language just quoted, defendant argues that a trial court should impose *only* the applicable sentence enhancement under section 12022.53 (here the 10-year enhancement under § 12022.53, subds. (b), (e)(1)) when, as here, a defendant does not personally use or discharge a firearm; to impose "in addition to" that sentence enhancement, the life sentence called for under section 186.22(b)(4) would, according to defendant, be improper. We disagree.

Defendant's proposed interpretation of the words would give him an unjust windfall, as explained below. If the jury had found *only* that defendant had committed the crime of shooting at an inhabited dwelling (§ 246) to benefit a criminal street gang (§ 186.22), and nothing else, he would be subject to the penalty of a life term under section 186.22(b)(4). But under defendant's reasoning, the jury's *additional* finding of firearm use would, under the "in addition to" language of section 12022.53(e)(2), preclude imposition of the life term set forth in section 186.22(b)(4), permitting imposition of only the 10-year additional punishment set forth in section 12022.53's subdivisions (b) and (e)(1). This result would be contrary to the Legislature's declared purpose in enacting section 12022.53: to impose "substantially *longer* prison sentences . . . on felons who use firearms in the commission of their crimes, in order to protect our citizens and to deter violent crime." (Legis. finding, Stats. 1997, ch. 503, § 1 [uncodified provision], italics added.)

Moreover, defendant's statutory construction would be inconsistent with section 12022.53's subdivision (j). That provision states in part: "When an enhancement specified in this section has been admitted or found to be true, the court shall impose punishment for that enhancement pursuant to this section rather than imposing punishment authorized under any other provision of law, *unless another enhancement provides for a greater penalty or a longer term of imprisonment.*" (Italics added.) Thus, consistent with that statutory provision, the trial court here should have imposed the greater penalty (the life term under § 186.22(b)(4)), rather than the lesser punishment (the 10-year sentence enhancement under § 12022.53's, subds. (b), (e)(1)).

Defendant concedes that his reading of section 12022.53(e)(2) would make that provision inconsistent with subdivision (j) of the same statute, which we quoted in the preceding paragraph. To resolve this alleged inconsistency between the two subdivisions, defendant asserts, we should ignore subdivision (j), which is the more general provision, and apply only subdivision (e)(2), the more specific provision. Doing so, defendant argues, would be consistent with the rule that "particular or specific provisions will generally take precedence over conflicting general provisions" (*People v. Campbell* (1995) 40 Cal.App.4th 1666, 1672, fn. 6 [48 Cal.Rptr.2d 340]).

But the two subdivisions just mentioned would be in conflict only if we were to accept defendant's interpretation of the phrase "in addition to" in section 12022.53(e)(2). More persuasive is the Attorney General's interpretation of that phrase. This is why: (1) the Attorney General's interpretation is consistent with the objective of section 12022.53, which was to impose longer punishment for those committing felonies involving firearm use (see p. 595, *ante*); and (2) as explained below, under the Attorney General's interpretation there is no conflict between subdivisions (e)(2) and (j) of section 12022.53. As construed by the Attorney General, the phrase "in addition to" in section 12022.53(e)(2) does not require the trial court to select a sentence enhancement under section 12022.53 over a sentence enhancement or a penalty provision that is set forth in section 186.22 if application of the latter would result in a greater punishment; what the trial court cannot do is to impose punishment under *both* section 186.22 and section 12022.53. In choosing which of those two provisions to apply, the trial court must, consistent with section 12022.53's subdivision (j), choose the provision that will result in a greater sentence. In this case, the greater penalty would be the life term under the alternate penalty provision in section 186.22(b)(4), not the 10-year sentence enhancement provided for in subdivisions (b) and (e)(1) of section 12022.53.

### IV. Conclusion and Disposition

The trial court erred in sentencing defendant to *both* the life term under section 186.22(b)(4) and the 10-year sentence enhancement under subdivisions (b) and (e)(1) of section 12022.53. The Court of Appeal was correct in ordering the 10-year sentence enhancement stricken, but it was incorrect in its reason for doing so (see p. 588, *ante*): that defendant had not committed a "felony punishable by . . . imprisonment in the state prison for life" (§ 12022.53, subd. (a)(17)). Because the Court of Appeal's disposition was correct, we affirm its judgment.

George, C. J., Werdegar, J., Chin, J., Moreno, J., Corrigan, J., and Perluss, J.,* concurred.

---

*Presiding Justice of the Court of Appeal, Second Appellate District, Division Seven, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.