[No. B207856. Second Dist., Div. Eight. Jan. 12, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
ARMANDO GONZALEZ et al., Defendants and Appellants.

**[CERTIFIED FOR PARTIAL PUBLICATION†]**

†Pursuant to California rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of Discussion parts 1, 2 and 4.

COUNSEL

Linn Davis, under appointment by the Court of Appeal, for Defendant and Appellant Armando Gonzalez.

David M. Thompson, under appointment by the Court of Appeal, for Defendant and Appellant Jose Ortiz.

Edmund G. Brown, Jr., Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Scott A. Taryle and Peggy Z. Huang, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**RUBIN, Acting P. J.—**

## INTRODUCTION

Jose Ortiz and Armando Gonzalez appeal from a judgment after a jury convicted them of attempted murder and assault with a semiautomatic firearm and found true various enhancements. We affirm in part, reverse in part, and remand, directing the trial court (1) to modify the portion of the judgment imposing a 15-year minimum parole eligibility date on Ortiz's sentence and (2) to reinstate and stay firearm enhancements which the court dismissed as to both appellants.

## FACTS AND PROCEDURAL HISTORY

At approximately 10:45 p.m., on September 7, 2007, appellants Jose Ortiz and Armando Gonzalez drove down the 1600 block of Berkeley Avenue in Pomona, California, with friend Miguel D., and known "Cherryville" gang member Omar Valencia. The victim, Hector E., was out on the sidewalk in front of his apartment complex watching fireworks.

As the vehicle approached Hector and his friends, appellants told the driver, Miguel, to stop the car. Appellants got out of the car and walked

quickly toward Hector. Ortiz was holding a gun by his side, pointed downward. When they were approximately 12 feet from Hector, appellants stopped and asked him where he was from, meaning what gang was he from. Hector, who was not a gang member, replied, "Nowhere. I don't gang bang." Appellants then repeatedly shouted that they were from "Cherryville," a known criminal street gang.[1]

After the initial confrontation, appellants turned and walked back toward the car. As they neared the vehicle, appellants turned around. Multiple shots were fired at Hector, hitting him twice in his right leg. At trial both Hector and another witness testified appellant Ortiz was the shooter; however, in an interview with police on September 13, 2007, driver Miguel identified appellant Gonzalez as the shooter.[2] After the shooting, appellants got back in the car and drove away. Neither appellant spoke as they walked toward the car or as the shooting took place.

A few days after the incident, Gonzalez's girlfriend, Zaira F., told Detective Freeman that Gonzalez had confessed to the shooting. Zaira said Gonzalez told her the victim said something to him which caused the shooting; he did not say exactly what was said. Zaira told Detective Freeman, "I guess he told him something bad words, or like something. I don't know." Both Hector and another witness testified that nothing was said as appellants walked back to the car.

Following a jury trial, Ortiz was convicted of attempted murder (Pen. Code, §§ 664, 187, subd. (a))[3] and assault with a semiautomatic firearm (§ 245, subd. (b)). The jury found the attempted murder was willful, deliberate, and premeditated; the crime was committed for the benefit of or in association with a criminal street gang; and a principal personally and intentionally discharged a handgun causing great bodily injury. (§§ 186.22, subd. (b)(1), 12022.53, subds. (b), (c), (d), (e)(1).) The court sentenced Ortiz to state prison for life with possibility of parole for attempted premeditated murder and set a 15-year minimum parole eligibility pursuant to section 186.22, subdivision (b)(5). The court also imposed an additional term of 25 years to life pursuant to section 12022.53, subdivisions (d) and (e)(1) and ordered it to run consecutively to the first life term.

Gonzalez was convicted of attempted *nonpremeditated* murder (§§ 664, 187, subd. (a)) and assault with a semiautomatic firearm (§ 245, subd. (b)).

---

[1] It was stipulated that "Cherryville" was a criminal street gang within the meaning of Penal Code section 186.22, subdivision (b)(1).

[2] In a separate interview with a defense investigator, Miguel said that Gonzalez was holding a gun in his hand when Gonzalez returned to the car after the shooting.

[3] All undesignated statutory references are to the Penal Code.

The jury found true gang and firearm allegations. (§§ 186.22, subd. (b)(1), 12022.53, subds. (b), (c), (d), (e)(1).) Gonzalez was sentenced to 32 years in state prison. The court imposed the midterm of seven years for attempted murder, plus 25 years to life pursuant to section 12022.53, subdivisions (d) and (e)(1).

There was no finding that either defendant *personally* used a firearm.

## DISCUSSION

1., 2.\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### 3. *The Trial Court Erred by Imposing a Minimum 15-year Parole Eligibility Requirement for Count 1*

For the attempted premeditated murder count, the court sentenced Ortiz to life with the possibility of parole. Because the jury found a principal had fired a gun causing great bodily injury in a crime committed for the benefit of a street gang, the court imposed under the gun enhancement statute a consecutive term of 25 years to life. (§ 12022.53, subds. (d), (e)(1).) The court also imposed under the street gang enhancement statute a minimum period of eligibility for parole of 15 years. (§ 186.22, subd. (b)(5).)[5] Ortiz contends the court's imposition of the gun enhancement barred the court from imposing a minimum parole eligibility period under the gang statute. We agree.

■ Ordinarily, a gun enhancement under section 12022.53 applies only to a defendant who *personally* used or fired a gun.[6] The jury here did not find Ortiz personally used a gun, thus the 25-year gun enhancement typically would not have applied. But when gang members such as Ortiz and Gonzalez commit a crime for the benefit of their gang, section 12022.53, subdivision (e)(1)

---

\*See footnote, *ante*, page 1420.

[5] Section 186.22, subdivision (b)(5) states in pertinent part: "any person who violates this subdivision in the commission of a felony punishable by imprisonment in the state prison for life shall not be paroled until a minimum of 15 calendar years have been served."

[6] Section 12022.53 provides for enumerated felonies identified elsewhere in the statute: "(b) . . . any person who . . . *personally* uses a firearm, shall be punished by an additional and consecutive term of imprisonment in the state prison for 10 years. The firearm need not be operable or loaded for this enhancement to apply. [¶] (c) . . . any person who . . . *personally* and intentionally discharges a firearm, shall be punished by an additional and consecutive term of imprisonment in the state prison for 20 years. [¶] (d) . . . any person who . . . *personally* and intentionally discharges a firearm and proximately causes great bodily injury . . . or death, to any person other than an accomplice, shall be punished by an additional and consecutive term of imprisonment in the state prison for 25 years to life." (Italics added.)

of the gun statute makes all principals to the crime subject to the gun enhancement if any principal used a gun. Subdivision (e)(1) states:

"The enhancements provided in this section shall apply to any person who is a principal in the commission of [a gang-related] offense if both of the following are pled and proved:

"(A) The person violated [the gang crime provisions of] subdivision (b) of Section 186.22.

"(B) Any principal in the offense committed any act specified in subdivision (b), (c), or (d) [defining various uses of a gun in a crime]."

While a section 12022.53, subdivision (e)(1) allegation expands the gun enhancement's reach to cover unarmed gang members, subdivision (e)(2) operates in the opposite way by exempting unarmed gang members from the gang enhancement's provisions. Subdivision (e)(2) of the gun statute states: "An enhancement for participation in a criminal street gang . . . shall not be imposed on a person in addition to an enhancement imposed pursuant to [the gun enhancement], unless the person personally used or personally discharged a firearm in the commission of the offense." In short, a "defendant who *personally* uses or discharges a firearm in the commission of a gang-related offense is subject to *both* the increased punishment provided for in section 186.22 *and* the increased punishment provided for in section 12022.53. In contrast, when another principal in the offense uses or discharges a firearm but the defendant does not, there is no imposition of an 'enhancement for participation in a criminal street gang . . . in addition to an enhancement imposed pursuant to' section 12022.53. (§ 12022.53(e)(2).)" (*People v. Brookfield* (2009) 47 Cal.4th 583, 590 [98 Cal.Rptr.3d 535, 213 P.3d 988] (*Brookfield*); see *People v. Salas* (2001) 89 Cal.App.4th 1275, 1281–1282 [108 Cal.Rptr.2d 137].)

Issued at the end of August 2009 after the parties had completed their briefing, *Brookfield* adopted for the purposes of the gang statute a definition of "enhancement" seemingly consistent with the broad meaning Ortiz urges us to apply here to strike the 15-year parole minimum. This court requested supplemental briefing on the application of *Brookfield* to the present case. The parties appear to agree that the conclusion reached by the court in *Brookfield* is dispositive.

In *Brookfield*, the defendant gang member and a gang member accomplice were convicted of shooting at an inhabited dwelling for the benefit of their gang. The defendant did not personally fire the gun; his accomplice was the shooter. The gang statute in question called for a life sentence for shooting at

an inhabited dwelling, and the trial court imposed that sentence on the defendant. In addition, because the defendant committed the crime for the benefit of his gang, the court imposed a 10-year gun enhancement. (*Brookfield, supra*, 47 Cal.4th at pp. 586–587.)

Relying on section 12022.53, subdivision (e)(2) of the gun statute, the defendant argued the trial court had erred in imposing the gang statute's life sentence in addition to the gun enhancement. (§ 12022.53, subd. (e)(2) [gang enhancement not to be imposed in addition to gun enhancement if gang member defendant did not personally use or fire gun].) The Attorney General disagreed, arguing instead for a narrow definition of an "enhancement" as solely that which adds to a base prison term. Applying that narrow definition, the Attorney General asserted that a life sentence for shooting at an inhabited dwelling was an "alternate penalty," not an enhancement. Therefore, in the Attorney General's view, the 10-year gun enhancement could be imposed notwithstanding section 12022.53, subdivision (e)(2) because there was no *gang* enhancement, only a gang alternative penalty. (*Brookfield, supra*, 47 Cal.4th at p. 591.) In advancing his argument for a narrow interpretation of a gang "enhancement," the Attorney General identified the minimum parole eligibility at issue before us as a penalty provision, not an enhancement. (*Id.* at pp. 591–592.) The Supreme Court summarized the Attorney General's argument as follows: "Section 186.22 [the gang statute], the Attorney General explains, contains not only sentence enhancements . . . but also penalty provisions. The latter are the life sentence under section 186.22(b)(4), which applies here, and two others described in subdivisions (b)(5) [15-year minimum parole eligibility] and (d) of section 186.22. Noting that section 12022.53(e)(2), by its terms, precludes the imposition of '[a]n *enhancement* for participation in a criminal street gang' (italics added) in addition to an increased penalty imposed under section 12022.53, the Attorney General argues that section 12022.53(e)(2) does not prohibit imposition of a life term under section 186.22(b)(4) in addition to a sentence enhancement under section 12022.53 (as occurred in this case), because the life term is not a sentence 'enhancement' but an *alternate penalty* for the underlying crime of shooting at an inhabited dwelling . . . ." (*Brookfield, supra*, 47 Cal.4th at pp. 591–592.)

Although directing his argument toward the gang statute's penalty for shooting at an inhabited dwelling, the defendant in *Brookfield* answered the Attorney General's assertion by making essentially the same argument that appellant does here. The *Brookfield* court explained: "[The defendant] argues that the term 'enhancement,' as used in section 12022.53(e)(2), encompasses not only an *additional prison term* but also *any greater term of imprisonment* (such as a penalty provision) that is imposed because the underlying crime was committed to benefit a criminal street gang." (*Brookfield, supra*, 47 Cal.4th at p. 592.)

■ The *Brookfield* court determined the Legislature intended a broad interpretation of gang enhancements, encompassing not just additions to a base term as urged by the Attorney General, but also "alternate penalty provisions." (*Brookfield, supra*, 47 Cal.4th at p. 593.) *Brookfield* reasoned a narrow definition collapsed the distinction the Legislature wanted to preserve between gang members who personally used guns and their unarmed accomplices. (*Id.* at p. 594.) Accordingly, *Brookfield* held "the word 'enhancement' in section 12022.53(e)(2) refers to both the sentence enhancements in section 186.22 *and* the penalty provisions in that statute. Thus, [section 12022.53, subdivision (e)(2)] barred the trial court here from imposing *both* the penalty of a life term under section 186.22(b)(4) and the 10-year sentence enhancement under subdivisions (b) and (e)(1) of section 12022.53." (*Brookfield*, at p. 595.) As we see no meaningful distinction under *Brookfield*'s analysis between the "penalty provision" of a life sentence for shooting at an inhabited dwelling and the "penalty provision" of a minimum parole eligibility period (*People v. Jefferson* (1999) 21 Cal.4th 86, 101 [86 Cal.Rptr.2d 893, 980 P.2d 441])—and, indeed, the Attorney General argued in *Brookfield* that no such distinction existed (*Brookfield*, at p. 591)—we conclude the trial court erred in imposing the gang statute's minimum parole eligibility period in addition to the 25-year gun enhancement. Given the inapplicability of the 15-year eligibility period, the customary parole eligibility period of seven years for each of Ortiz's consecutive life sentences applies under section 3046. (§ 3046, subds. (a)(1), (b).)

4. *The Trial Court Should Have Imposed and Stayed the Remaining Firearm Enhancements*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

As to appellant Gonzalez, the firearm enhancements under Penal Code section 12022.53, subdivisions (b) and (c) are reinstated and stayed, and the trial court shall correct the abstract of judgment to reflect such reinstatement and staying. The court shall forward a copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

As to appellant Ortiz, the firearm enhancements under Penal Code section 12022.53, subdivisions (b) and (c) are reinstated and stayed. The 15-year minimum parole eligibility period under Penal Code section 186.22, subdivision (b)(5) is struck. The trial court shall amend the abstracts of

[*]See footnote, *ante*, page 1420.

judgment for Ortiz's determinate and indeterminate terms to reflect the reinstatement and staying of the firearm enhancements. The court shall delete from the abstract of judgment for Ortiz's determinate and indeterminate terms those portions of the trial court's "Other orders" at paragraph 11 of the abstract stating Ortiz's minimum parole eligibility period is 15 years. The court shall modify paragraph 11 to direct parole authorities to apply the provisions of section 3046 in calculating Ortiz's minimum parole eligibility period as seven years for each consecutive life sentence. The court shall forward a copy of the corrected abstracts of judgment to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

Flier, J., and Bigelow, J., concurred.

Appellants' petition for review by the Supreme Court was denied April 14, 2010, S180248. George, C. J., did not participate therein.