Filed 6/28/16  P. v. Love CA2/3
Opinion following rehearing

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KEVIN LOVE,<br><br>    Defendant and Appellant. | B261488<br><br>(Los Angeles County<br>Super. Ct. No. TA124894) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Pat Connolly, Judge.  Reversed and remanded for resentencing only; otherwise affirmed.

Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, and Scott A. Taryle, Deputy Attorney General, for Plaintiff and Respondent.

―――――――――――

A jury found defendant and appellant Kevin Love guilty of, among other things, attempted murder and found true gang and personal gun use allegations. Love's sole contention on appeal is his sentence was unauthorized. We agree and therefore reverse and remand for resentencing only.

## BACKGROUND

In August 2012, 99 Mafia Crip members Damonte Lockridge and Love were at a liquor store, where they encountered Jashan and Keith Bradley. After Love and Lockridge made gang references, Lockridge shot at Jashan and Keith, injuring Jashan. Love was charged with crimes arising out the shooting.[1] On May 2, 2013, a jury found Love guilty of two counts of premeditated, willful and deliberate attempted murder of Jashan (count 1) and Keith (count 2). (Pen. Code, §§ 187, subd. (a), 664).[2] As to the attempted murder of Jashan, the jury found true gun allegations under section 12022.53, subdivisions (b), (c) and (d), but only under subdivisions (b) and (c) as to the attempted murder of Keith, who was uninjured. The jury found Love guilty of count 3, assault with a firearm, and of count 4, shooting at an occupied motor vehicle. As to count 4, the jury found true gun enhancement allegations (§ 12022.53, subds. (b), (c) & (d)). The jury found true gang allegations as to all counts (§ 186.22, subd. (b)(1)(C)). As to Lockridge, the jury also found true personal gun use allegations under section 12022.53, subdivisions (b), (c) and (d), as to counts 1 and 4.

Love was sentenced on May 21, 2013 as follows: on count 1, life with a 15-year minimum term before parole eligibility, plus 25 years to life (§ 12022.53, subd. (d)); on count 2, a concurrent life term plus 20 years to life (§ 12022.53, subd. (c)); count 3, a concurrent three years plus four years (§ 12022.5); and count 4, 15 years to life, plus 25 years to life (§ 12022.53, subd. (d)), stayed under section 654.

---

[1]    Lockridge was also charged, but he is not a party to this appeal.

[2]    All undesignated statutory references are to the Penal Code.

2

Love appealed. Based on the trial court's failure to instruct the jury on premeditation, we reversed the jury's true findings that the attempted murders were premeditated, willful and deliberate. (*People v. Love* (July 31, 2014, B249040) [nonpub. opn.].)[3] We otherwise affirmed the judgment, but remanded for a retrial on the premeditation allegations, at the People's election. If the People did not elect to retry the allegations, we directed the trial court to resentence Love.

On remand, Love was resentenced, on count 1, to the low term of five years consecutive to 25 years to life under section 12022.53, subdivision (d). On count 2, the court sentenced Love to five years plus 20 years to life under section 12022.53, subdivision (c), concurrent to count 1. As to counts 3 and 4, the court merely said the sentences "those do not change. As to Mr. Love count 3 runs concurrent. Count 4 as to each is stayed pursuant to 654, for a total of 30 years to life."

## DISCUSSION

On count 4, the trial court resentenced Love to the same sentence it had originally imposed, i.e., the base term of 15 years to life under section 186.22, subdivision (b)(4)(B), plus 25 years to life for the firearm enhancement under section 12022.53, subdivision (d) [personal and intentional discharge of a firearm causing great bodily injury], stayed under section 654. Love contends that this sentence was unauthorized, because he did not personally discharge a firearm and therefore could not be sentenced under both sections. Love's contention is correct: where a "defendant was convicted of a gang-related crime in the commission of which he did *not* personally discharge a firearm, but a companion did," the defendant may not be sentenced under both section 186.22, subdivision (b)(4)(B), *and* under section 12022.53. (*People v. Brookfield* (2009) 47 Cal.4th 583, 586, 590, 594; § 12022.53, subd. (e)(2).) The defendant must be sentenced under the provision resulting in the greater sentence. (*Brookfield*, at pp. 595-596.)

---

[3]     We take judicial notice of our prior decision. (Evid. Code, § 451, subd. (a).)

The People agree with Love's contention, to a limited extent. The People agree that Love cannot be sentenced under section 186.22, subdivision (b)(4(B), and under section 12022.53, subdivision (d), if he was merely the aider and abettor. The People also agree that the evidence and its theory of the case at trial was Lockridge, not Love, was the shooter. But the People disagree that it's proper for us to strike the 15-year-to-life term, because the jury found, albeit contrary to the evidence and the theory of the case and probably due to an error in the verdict form, that Love "personally and intentionally" discharged a firearm causing great bodily injury. The People therefore conclude that because Love never, in either this appeal or in the prior one, raised an insufficiency of the evidence claim as to the section 12022.53 findings, the appeal is a collateral attack on the judgment that might be better raised in a writ proceeding in the trial court.

Apart from whether Love's trial or appellate counsel should have raised an insufficiency of the evidence argument as to the gun enhancement below or in the prior appeal, any failure to raise that argument would inevitably lead to an ineffective assistance of counsel claim. (See generally *People v. Scott* (1997) 15 Cal.4th 1188, 1211-1212 [an ineffective assistance of counsel claim requires a showing of error and prejudice, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant]; see also *Strickland v. Washington* (1984) 466 U.S. 668, 694.) The jury's finding that Love personally and intentionally discharged a firearm was unsupported by the evidence. He was the aider and abettor, not the actual shooter. Because Love's liability for the firearm enhancement was therefore merely vicarious, he could not be sentenced under section 186.22, subdivision (b)(4)((B), *and* on the gun enhancement. The 15-year-to-life sentence, being the lesser of the two, must therefore be stricken. (See *People v. Scott* (1994) 9 Cal.4th 331, 354 [an unauthorized sentence may be corrected on appeal].)

In addition to the unauthorized sentence on count 4, the trial court imposed, on count 3, a four-year firearm enhancement under section 12022.5. Because the jury did

not find an allegation true under that section, the enhancement imposed on count 3 must also be stricken.

## DISPOSITION

The judgment is reversed and remanded for resentencing only. The four-year sentence enhancement under section 12022.5 is stricken as to count 3. The 15-year-to-life term imposed under section 186.22, subdivision (b)(4)(B) is stricken as to count 4. The matter is remanded for resentencing. The judgment is otherwise affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ALDRICH, J.

We concur:

EDMON, P. J.

HOGUE, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5