UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BYRON CHRISTOPHER CHINCHILLA, | No. 16-55954 |
| Petitioner-Appellant, | D.C. No. 8:14-cv-01298-JVS-JPR |
| v. | Central District of California, Santa Ana |
| GREG LEWIS, Warden, | |
| Respondent-Appellee. | ORDER |

Before: BERZON and BYBEE, Circuit Judges, and WOODCOCK,* District Judge.

The panel judges have voted to deny appellant's petition for panel rehearing.

Appellant's petition for panel rehearing, filed March 23, 2018, is DENIED. The

concurrence filed on March 9, 2018 is amended and filed concurrently with this

order.

---

* The Honorable John A. Woodcock, Jr., United States District Judge for the District of Maine, sitting by designation.

FILED

AUG 03 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BERZON, Circuit Judge, concurring in the judgment:

I concur in the judgment, but for different reasons than those articulated in the memorandum disposition.

First, I disagree as to the prejudice point, even under the deferential standard mandated by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). The jury did not entirely reject Chinchilla's accomplice's version of events, as it acquitted on one of the robbery charges that was part of the alleged aggressive behavior.

Further, the state court's reliance on the findings of premeditation and deliberation as factually incompatible with imperfect self-defense is unreasonable, as there is no such factual incompatibility. "[T]he unreasonable but good faith belief in having to act in self-defense. . . . reduce[s] an intentional, unlawful killing from murder to voluntary manslaughter by negating the element of malice that otherwise inheres in such a homicide." *People v. Rios*, 23 Cal. 4th 450, 460-61 (2000) (internal quotation marks and emphasis omitted). A defendant may subjectively but unreasonably believe he is in immediate danger, thereby negating malice, yet react deliberately and with premeditation in countering the perceived attack. *See People v. Mendoza*, 52 Cal. 4th 1056, 1069 (2011) ("Premeditation and

1

deliberation can occur in a brief interval.  The test is not time, but reflection.

Thoughts may follow each other with great rapidity and cold, calculated judgment

may be arrived at quickly.") (internal quotation marks omitted).[1]

Most importantly, an imperfect self-defense instruction would have given

the jury an option closely related to the self-defense instruction it was given, but

one in which the result was not acquittal but conviction of a lesser offense.  A jury

that rejected the self-defense option might well accept the imperfect self-

defense—or, at least, there is a reasonable probability that it would.  *See Strickland*

*v. Washington*, 466 U.S. 668, 694 (1984).

As to the question not decided by the state court, adequacy of representation,

however, I would hold that a competent lawyer might well have adopted the

strategy of keeping from the jury the attractive option of a lesser-included offense.

Although California sentencing law is complicated, on my rough calculation, four

counts of attempted voluntary manslaughter, based on imperfect self-defense and

committed for the benefit of a gang, could have carried a sentence of anywhere

from 6.5 years to 32 years, depending on how various sentencing provisions were

interpreted and applied—a far from insignificant sentencing range.  *See* Cal. Penal

---

[1] I would not address the appellee's separate legal argument, as does the majority, *see* Mem. Dispo. at n.1, as the state court of appeals did not rely on it.

Code §§ 193(a), 664(a), 669, 1170.1, 1170.16, 1192(c)(1), 1192(c)(39); *see*

*generally* Cal. Crim. Law Proc. & Prac. 1070-73 (2017). Moreover, even if

Chinchilla could have received a manslaughter sentence on the lower end of the

scale, the court could have instead imposed an indeterminate term of 15 years to

life for committing that act "in [a] different way[]," Cal. Penal Code § 654—that

is, by aiding and abetting the shooting of an occupied motor vehicle to benefit a

gang. *See* Cal. Penal Code §§ 246, 186.22(b)(4)(B); *People v. Brookfield*, 47 Cal.

4th 583, 591 (2009).

I do not agree that Chinchilla's attorney embraced an all-or-nothing defense

in the sense that she did not embrace Sotelo's self-defense theory in part; she did.

In her closing argument, for example, she told the jury, "Just ask yourself is it

reasonable for Mr. Sotelo and Mr. Chinchilla to be in fear that night? Ask yourself

that question. Is it reasonable? Because when you read the jury instructions and

you deal with the self-defense instructions, that's what it comes down to."

But, again, a finding of self-defense results in an acquittal. The accomplice

evidence, even on a natural and probable consequences theory, was weak. An

attorney could well have concluded that offering a lesser included offense with a

substantial sentence was too likely to provide an attractive option to a jury, and that

the better option was to seek an acquittal primarily on grounds that Sotelo's

shooting was not reasonably predictable to Chinchilla—but, if it was, it was self-defense, and so neither defendant was culpable.

I note that I find the sentence in this case deeply unsettling. Chinchilla will serve four life terms for the four shots his friend fired at a moving car without injuring anyone. Chinchilla will do so either because he had earlier robbed one of the car's occupants of a baseball hat and it was reasonably foreseeable that a gun would be shot in the aftermath of that offense, or because he somehow—and how was never proven—encouraged his friend to shoot at that car.[2]

But finding a sentence unsettling is an insufficient reason to grant a habeas petition under AEDPA. I therefore concur in the judgment.

---

[2] Chinchilla brought no sufficiency of the evidence challenge as to his accomplice liability in state court.