Filed 6/28/24  P. v. Munoz CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>NICHOLAS MUNOZ,<br><br>　　　Defendant and Appellant. | B330751<br><br>(Los Angeles County<br>Super. Ct. No. KA110065) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jacqueline H. Lewis, Judge.  Reversed with directions.

Law Offices of James Koester and James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Nicholas Munoz of attempted murder and of shooting at an occupied vehicle and found true gun use and gang allegations. Thereafter, our Legislature passed Assembly Bill No. 333, which amended Penal Code[1] section 186.22, the gang statute. This Division reversed the true findings on the gang allegations based on that law and remanded the matter. On remand, the People elected not to retry the gang allegations. The trial court then imposed a sentence that included a gun enhancement under section 12022.53 as to count 3, shooting at an occupied vehicle. Munoz now contends that the gun enhancement on that count could only be imposed if he violated section 186.22. The People concede, and we agree, that because Munoz no longer stood convicted of violating section 186.22, the gun enhancement could not be imposed. Accordingly, his sentence on count 3 was unauthorized and the matter must be remanded for resentencing.

## BACKGROUND

In 2015, Munoz, a gang member, and his cousin shot at an occupied car containing rival gang members.

A jury convicted Munoz of two counts of willful, deliberate, and premeditated attempted murder (§§ 664, 187, subd. (a); counts 1 & 2) and of shooting at an occupied vehicle (§ 246; count 3). As to all counts, the jury found true gun use allegations under section 12022.53, subdivisions (b) and (c) and principal gun use allegations under subdivisions (b), (c), (d) and (e)(1) of that

---

[1]     All further undesignated statutory references are to the Penal Code.

section.  As to counts 1 and 2, the jury also found true gang allegations under section 186.22, subdivision (b)(1)(C).  As to count 3, the jury found true a gang allegation under section 186.22, subdivision (b)(1)(C) and (b)(4).  In 2017, the trial court sentenced Munoz to two life terms plus 50 years to life based on the gun and gang allegations (§§ 12022.53, subd. (d), 186.22, subd. (b)).

In 2022, a different panel of this Division reversed the true findings on the gang allegations based on the passage of Assembly Bill No. 333, which significantly amended section 186.22.  (*People v. Munoz* (May 31, 2022, B283921) [nonpub. opn.].)  We remanded the matter to the trial court and directed it to give the People an opportunity to retry the gang allegations under the amended law, and if the People elected not to retry them, to conduct a full resentencing hearing.

On remand, the People elected not to retry the gang allegations.  At the resentencing hearing, the trial court declined to exercise its discretion to strike the firearm enhancements.  The trial court resentenced Munoz on counts 1 and 2 to consecutive life terms plus 20 years under section 12022.53, subdivision (c) on each count.  As to count 3, the trial court imposed but stayed a sentence of five years plus 20 years under section 12022.53, subdivision (c).

## DISCUSSION

Munoz contends that the trial court imposed an unauthorized sentence on count 3, shooting at an occupied vehicle, because once Munoz no longer stood convicted of the gang enhancement, the section 12022.53 gun enhancement could not be imposed.  The People concede, and we agree, that the sentence was unauthorized.

The section 12022.53 gun enhancement provision applies to enumerated felonies. Attempted murder is an enumerated felony (§ 12022.53, subds. (a)(1) & (18)), but shooting at an occupied vehicle is not. Nonetheless, the gun enhancement may be imposed on a person convicted of shooting at an occupied vehicle if the person personally and intentionally discharged a gun and proximately caused great bodily injury, as defined in section 12022.7, or death to a person other than an accomplice. (§ 12022.53, subd. (d).) The jury, however, found that Munoz did *not* personally discharge a gun and cause great bodily injury as to count 3, and therefore, the gun enhancement could not be imposed under subdivision (d).

Section 12022.53, subdivision (e)(1), provides another circumstance where the gun enhancement may be imposed if the defendant did not personally use or discharge a gun. (See generally *People v. Brookfield* (2009) 47 Cal.4th 583, 590.) Subdivision (e)(1) states that the gun enhancements apply to any person who is a principal in the offense if the person violated section 186.22, subdivision (b) *and* a principal committed any act specified in section 12022.53, subdivisions (b), (c), or (d). Stated otherwise, while section 12022.53 enhancements ordinarily apply only to personal use or discharge of a firearm in the commission of a statutorily delineated offense, "when the offense is committed to benefit a criminal street gang, the statute's additional punishments apply," even if "the defendant did not personally use or discharge a firearm but another principal did." (*Brookfield*, at p. 590.)

Here, the People elected not to retry Munoz on the gang allegations on any count, including count 3 for shooting at an occupied vehicle. Therefore, there was no finding he violated

4

section 186.22, subdivision (b).  Accordingly, section 12022.53, subdivision (e)(1) was inapplicable, and the trial court erred in imposing 20 years under it on count 3.

## DISPOSITION

Nicholas Munoz's sentence is vacated, and the matter is remanded with directions to the trial court to strike the firearm enhancement imposed on count 3 and to conduct a resentencing hearing.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

LAVIN, J.

EGERTON, J.

5