[No. E049845. Fourth Dist., Div. Two. May 24, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
JEAN MARIE EDWARDS, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part 2. of the Legal Analysis.

COUNSEL

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Peter Quon, Jr., Karl T. Terp and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

McKINSTER, Acting P. J.—Defendant Jean Marie Edwards appeals the sentence imposed following her plea of no contest in two cases. She contends that the trial court erred in imposing sentence enhancements more than once. She also contends that an amendment to Penal Code section 4019, which would result in additional credit for time served before sentencing, should apply retroactively.

We conclude that the trial court erred with respect to the imposition of sentence enhancements pursuant to Health and Safety Code section 11370.2 and Penal Code section 667.5. We will remand both cases for resentencing, but will otherwise affirm the judgments.[1]

## PROCEDURAL HISTORY[2]

### 1.

### CASE NO. FWV900326

In a second amended information filed on September 1, 2009, defendant was charged with evading a police officer (Veh. Code, § 2800.2, subd. (a); count 1); transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a); count 2); possession for sale of methamphetamine (Health & Saf. Code, § 11378; count 3); transportation of heroin (Health & Saf. Code, § 11352, subd. (a); count 4); and transportation of cocaine (Health & Saf. Code, § 11352, subd. (a); count 5). The information also alleged that defendant had served three prior prison terms. (Pen. Code, § 667.5, subd. (b).) As to counts 2 and 3, it alleged that defendant had three prior drug convictions within the meaning of Health and Safety Code section 11370.2, subdivision (c). As to counts 4 and 5, it alleged that defendant had three prior drug convictions within the meaning of Health and Safety Code section 11370.2, subdivision (a).

On September 1, 2009, in an open plea agreement, defendant entered a plea of no contest to all counts and allegations. The court advised her that her maximum exposure was 47 years eight months to life.

On November 20, 2009, defendant was sentenced to a total prison term of 17 years eight months. The court selected count 4, transportation of heroin, as the principal count, and imposed the upper term of five years, plus nine years for the three prior drug conviction enhancements alleged with respect to count 4. The court imposed a consecutive term of eight months on count 1.

---

[1] Defendant has also filed a petition for writ of habeas corpus (*In re Edwards* (May 24, 2011) E050750), which we have considered with this appeal. We dispose of the habeas corpus petition by separate order.

[2] Because defendant pleaded no contest, we omit discussion of the facts underlying the convictions.

On counts 2, 3, and 5, the court imposed concurrent terms plus nine years for the prior drug conviction enhancements on each count but stayed the entire term on each of those counts pursuant to Penal Code section 654. Finally, the court imposed three years for the three prior prison term enhancements.[3]

## 2.

## CASE NO. FWV901833

On July 17, 2009, defendant was charged by felony complaint with possession of methamphetamine in a jail facility. (Pen. Code, § 4573.6.) The complaint also alleged that defendant had served three prior prison terms. (Pen. Code, § 667.5, subd. (b).)

On July 23, 2009, defendant pleaded not guilty. On August 28, 2009, she waived her right to a preliminary.hearing, and the case was set to trail case No. FWV900326.

On September 1, 2009, defendant changed her plea to no contest and was advised that her maximum exposure was seven years.

On November 20, 2009, defendant was sentenced to one year (one-third the midterm of three years) for the offense, to run consecutive to the sentence imposed in case No. FWV900326, and to a consecutive term of one year for each of the three prior prison term enhancements.

On December 7, 2009, defendant filed a notice of appeal in both cases, requesting a certificate of probable cause. The certificate of probable cause was issued on December 10, 2009.[4]

---

[3] The abstract of judgment does not reflect the court's oral pronouncement that the prior drug conviction enhancements were imposed per count. The abstract of judgment shows that one enhancement pursuant to Health and Safety Code section 11370.2, subdivision (a) and two enhancements pursuant to Health and Safety Code section 11370.2, subdivision (c) were imposed, and that three additional enhancements pursuant to subdivision (a) of that section were stayed.

[4] The issues as to which the certificate of probable cause was issued are not raised on appeal.

## LEGAL ANALYSIS

### 1.

## SENTENCING ERRORS MANDATE REVERSAL AND REMAND FOR RESENTENCING

### A.

### Introduction

In case No. FWV900326, the information alleged the same three drug-related prior convictions as enhancements to counts 2 and 3 pursuant to Health and Safety Code section 11370.2, subdivision (c) and as enhancements to counts 4 and 5 pursuant to Health and Safety Code section 11370.2, subdivision (a).[5] The court imposed three enhancements each as to counts 2, 3, 4 and 5, staying the enhancements on all but count 4, which was the principal count. Defendant contends that the section 11370.2 enhancements are "status" enhancements which can be imposed only once, on the aggregate sentence. Consequently, she contends, the court was required to strike the enhancements which were alleged in connection with counts 2, 3 and 5 rather than imposing and staying them.

The Attorney General initially agreed. However, noting that the parties did not discuss whether there was any significance to the fact that enhancements were pleaded pursuant to both subdivision (a) and subdivision (c) of section 11370.2, we asked the parties to brief the following question: "[C]ounts 4 and 5 are subject to enhancement pursuant to Health and Safety Code section 11370.2, subdivision (a), while counts 2 and 3 are subject to enhancement pursuant to Health and Safety Code section 11370.2, subdivision (c). Both subdivisions provide for a mandatory consecutive three-year term upon conviction of a qualifying offense. Was the trial court therefore required to impose unstayed enhancements pursuant to both subdivisions?"

In her supplemental brief, defendant maintained that even though the particular charged offenses mandated alleging the prior drug conviction enhancements under both subdivisions (a) and (c) of section 11370.2, an enhancement for each prior conviction could be imposed only once. The Attorney General contended that the section 11370.2 enhancements are not pure status enhancements which apply only once to the aggregate term, but

---

[5] In this part, all further statutory citations refer to the Health and Safety Code unless another code is specified.

rather are a hybrid form of enhancement which, although based on defendant's status as a recidivist, apply on a count-by-count basis. Consequently, he contends, the trial court was required to impose unstayed enhancements under both subdivisions (a) and (c). He did not, however, discuss whether the court had the authority pursuant to Penal Code section 654 to stay the enhancements imposed as to counts 2, 3 and 5, or whether the enhancements would run concurrently with the principal term, along with the base terms imposed on counts 2, 3 and 5.

■ As we discuss, we conclude that the section 11370.2 enhancements are status enhancements, which can be imposed only once, as part of the aggregate sentence. However, because of the structure of section 11370.2, we conclude that the Legislature intended that multiple enhancements can be imposed for the same prior convictions, if there are current multiple counts of conviction as to which different subdivisions of section 11370.2 apply.

### B.

### Section 11370.2 Provides for Multiple Enhancements

■ Sentence enhancements are generally of two types: those which go to the nature or status of the offender, and those which go to the nature or circumstances of the offense. (*People v. Coronado* (1995) 12 Cal.4th 145, 156 [48 Cal.Rptr.2d 77, 906 P.2d 1232].) An enhancement which is based on the defendant's conduct in committing the charged offense, such as the personal use of a weapon or the infliction of great bodily harm, is imposed on the count to which it applies. (*Id.* at p. 157.) Enhancements based on prior convictions are status enhancements. Because they are related to the status of the offender, rather than the manner of commission of a crime, they are applied only once, in arriving at an aggregate sentence. (*Ibid.*; *People v. Williams* (2004) 34 Cal.4th 397, 402 [19 Cal.Rptr.3d 619, 98 P.3d 876]; Pen. Code, § 1170.1.[6])

---

[6] Penal Code section 1170.1, subdivision (a) provides: "Except as otherwise provided by law, and subject to Section 654, when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and Section 12022.1. The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses."

■ The enhancements provided for in section 11370.2 are status enhancements, in that they pertain to defendant's status as a drug conviction recidivist. (*People v. Tillotson* (2007) 157 Cal.App.4th 517, 542 [69 Cal.Rptr.3d 42].) Section 11370.2 provides, in pertinent part:

"(a) Any person convicted of a violation of, or of a conspiracy to violate, Section 11351, 11351.5, or 11352 shall receive, in addition to any other punishment authorized by law, including Section 667.5 of the Penal Code, a full, separate, and consecutive three-year term for each prior felony conviction of, or for each prior felony conviction of conspiracy to violate, Section 11351, 11351.5, 11352, 11378, 11378.5, 11379, 11379.5, 11379.6, 11380, 11380.5, or 11383, whether or not the prior conviction resulted in a term of imprisonment.

"(b) Any person convicted of a violation of, or of a conspiracy to violate, Section 11378.5, 11379.5, 11379.6, 11380.5, or 11383 shall receive, in addition to any other punishment authorized by law, including Section 667.5 of the Penal Code, a full, separate, and consecutive three-year term for each prior felony conviction of, or for each prior felony conviction of conspiracy to violate, Section 11351, 11351.5, 11352, 11378, 11378.5, 11379, 11379.5, 11379.6, 11380, 11380.5, or 11383, whether or not the prior conviction resulted in a term of imprisonment.

"(c) Any person convicted of a violation of, or of a conspiracy to violate, Section 11378 or 11379 with respect to any substance containing a controlled substance specified in paragraph (1) or (2) of subdivision (d) of Section 11055 shall receive, in addition to any other punishment authorized by law, including Section 667.5 of the Penal Code, a full, separate, and consecutive three-year term for each prior felony conviction of, or for each prior felony conviction of conspiracy to violate, Section 11351, 11351.5, 11352, 11378, 11378.5, 11379, 11379.5, 11379.6, 11380, 11380.5, or 11383, whether or not the prior conviction resulted in a term of imprisonment."

■ Although the prior felonies listed in all three subdivisions are the same, each subdivision applies to different current offenses: sections 11351, 11351.5 and 11352 (subd. (a)); sections 11378.5, 11379, 11379.5, 11379.6, 11380.5 and 11383 (subd. (b)); sections 11378 and 11379 with respect to any substance containing a controlled substance specified in paragraph (1) or (2) of subdivision (d) of section 11055 (subd. (c)).[7] And each subdivision mandates imposition of the enhancement upon conviction of a qualifying offense, without limitation. ■ The language of a statute is the most reliable

---

[7] Defendant was convicted of transporting methamphetamine in count 2 and of possession of methamphetamine for sale in count 3, in violation of sections 11379 and 11378, respectively. Methamphetamine is the controlled substance specified in section 11055, subdivision (d)(2).

indicator of legislative intent. (*People v. Brookfield* (2009) 47 Cal.4th 583, 592 [98 Cal.Rptr.3d 535, 213 P.3d 988].) If the language is unambiguous, we must apply it without resort to extrinsic sources to determine the Legislature's intent. (*People v. Traylor* (2009) 46 Cal.4th 1205, 1212 [96 Cal.Rptr.3d 277, 210 P.3d 433].) In this respect, the language of section 11370.2 is unambiguous. ■ Consequently, we conclude that the Legislature intended each subdivision to apply independently of the others, meaning that if a defendant is convicted of a violation of a qualifying offense under subdivision (a) and is also convicted of a qualifying offense under either subdivision (b) or subdivision (c), his or her sentence is to be enhanced under both subdivisions. Accordingly, in this case, where two of defendant's current convictions are for offenses specified in subdivision (a) and two are for offenses specified in subdivision (c) of section 11370.2, the court was required to impose on the aggregate term three 3-year enhancements per prior conviction pursuant to each subdivision.

■ Section 11370.2 is arguably ambiguous in one respect, however: By providing for three different sets of qualifying offenses in three separate subdivisions and providing that a conviction of any of the qualifying offenses mandates imposition of an enhancement, the statute at least arguably provides for imposition of the enhancements on each count in which the defendant is convicted of a qualifying felony, as the Attorney General contends in his supplemental brief. However, the same is true of Penal Code section 667, subdivision (a). That section, which mandates imposition of a five-year enhancement for each prior serious felony conviction when the defendant is convicted of a serious felony, should arguably apply to *each* new serious felony count of conviction. However, in *People v. Williams, supra,* 34 Cal.4th 397, the Supreme Court held that, pursuant to Penal Code section 1170.1, subdivision (a), the enhancement applies only once, even if the defendant is convicted of multiple serious felonies. (*People v. Williams, supra,* at pp. 401–402.) Consequently, in the absence of any express intention to create an exception to the rule that status enhancements apply only once, regardless of the number of counts of conviction, we must presume that the Legislature did not intend that section 11370.2 enhancements attach to each qualifying count.[8]

---

[8] In *People v. Tillotson, supra,* 157 Cal.App.4th 517, the court held that the section 11370.2 enhancements are based on the defendant having suffered a prior conviction and are therefore status enhancements. Consequently, it held, each enhancement could be imposed only once, not once per count. (152 Cal.App.4th at p. 542.) However, the Attorney General conceded the point in that case, and the court did not analyze the contention the Attorney General has presented in this case.

## C.

### The Prior Prison Term Enhancements Apply Only to the Aggregate Sentence

The charging documents in both cases alleged the same three prior prison terms as enhancements under Penal Code section 667.5, subdivision (b). Defendant contends that because the sentence in case No. FWV901833 was made consecutive to the sentence in case No. FWV900326, each prior prison term enhancement could be applied only once, to the total sentence. The Attorney General agrees, and so do we.

Prior prison term enhancements are status enhancements which can be imposed only once, on the aggregate sentence. (*People v. Williams, supra,* 34 Cal.4th at p. 402.) Here, the sentence in case No. FWV901833 was made consecutive to the sentence in case No. FWV900326, creating a single aggregate term. (Cal. Rules of Court, rule 4.452.)[9]

Consequently, the prior prison term enhancements could not be imposed in both cases.

## D.

### The Proper Remedy Is to Reverse and Remand Both Matters for Resentencing

■ If correction of a sentencing error may affect the trial court's discretionary decisions in determining an appropriate sentence, the remedy is to reverse and remand for resentencing. (*People v. Rodriguez* (2009) 47 Cal.4th 501, 509, 510 [98 Cal.Rptr.3d 108, 213 P.3d 647].) Here, because our decision significantly affects the sentences in both cases, it is appropriate to remand for resentencing.

---

[9] California Rules of Court, rule 4.452 provides, in pertinent part, "If a determinate sentence is imposed under [Penal Code] section 1170.1(a) consecutive to one or more determinate sentences imposed previously in the same court or in other courts, the court in the current case must pronounce a single aggregate term, as defined in [Penal Code] section 1170.1(a), stating the result of combining the previous and current sentences. In those situations: [¶] (1) The sentences on all determinately sentenced counts in all of the cases on which a sentence was or is being imposed must be combined as though they were all counts in the current case."

## 2.

## PENAL CODE SECTION 4019, AS AMENDED EFFECTIVE JANUARY 25, 2010, DOES NOT APPLY[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgments in cases Nos. FWV900326 and FWV901833 are reversed as to the sentences only, and are otherwise affirmed. The causes are remanded to the superior court for resentencing in accordance with the views expressed in this opinion.

Richli, J., and Miller, J., concurred.

---

[*]See footnote, *ante*, page 1051.