Filed 7/31/14  P. v. Neel CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C074673 |
| v. | (Super. Ct. Nos. CRF130027, CRF130028) |
| BRANDON CHRISTOPHER NEEL, | |
| Defendant and Appellant. | |

In a combined negotiated disposition, defendant Brandon Christopher Neel pleaded no contest to evading a peace officer (Veh. Code, § 2800.2) in case No. CRF130027, and he pleaded no contest to inflicting corporal injury on a cohabitant resulting in a traumatic condition (Pen. Code, § 273.5, subd. (a)) in case No. CRF130028. In both cases, defendant admitted a prior conviction for a serious or violent felony and he also admitted serving four prior prison terms.

1

The trial court sentenced defendant to an aggregate term of 15 years 4 months in prison, consisting of the following:  in case No. CRF130028, the trial court sentenced defendant to three years for inflicting corporal injury, doubled for the prior strike conviction, plus one year for each prior prison term; and in case No. CRF130027, the trial court sentenced defendant to eight months for evading a peace officer, doubled for the prior strike conviction, plus one year for each prior prison term.

On appeal, defendant contends the trial court erred in sentencing him twice on the same four prior prison terms pursuant to Penal Code section 667.5, subdivision (b).  The People agree.

Having reviewed the record and the applicable law, we agree with defendant and the People.  (*People v. Edwards* (2011) 195 Cal.App.4th 1051, 1060 (*Edwards*) ["Prior prison term enhancements are status enhancements which can be imposed only once, on the aggregate sentence."].)

The parties disagree, however, on whether we should remand the matter for resentencing.

Defendant contends the proper remedy is for us to "strike the improperly imposed enhancements."  The People argue the proper remedy is "to reverse and remand for resentencing."  We agree with defendant.

Here, correction of the sentencing error does not "affect the trial court's discretionary decisions in determining an appropriate sentence . . . ."  (*Edwards, supra,* 195 Cal.App.4th at p. 1060.)  Accordingly, we will strike the prior prison term enhancements imposed in case No. CRF130027.  (See *People v. Riel* (2000) 22 Cal.4th 1153, 1203; see also *People v. Jones* (1998) 63 Cal.App.4th 744, 747.)

## DISPOSITION

The judgment is modified to strike the four years imposed as prior prison term enhancements in case No. CRF130027 pursuant to Penal Code section 667.5, subdivision (b), so that defendant's aggregate prison term in both cases is 11 years 4 months.  As

modified, the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment reflecting the judgment as modified and to forward it to the Department of Corrections and Rehabilitation.

                                                    _____MAURO_____, J.

We concur:

_____RAYE_____, P. J.

_____BUTZ_____, J.

3