Filed 8/20/14  P. v. Chhaim CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHHANN CHHAIM,<br><br>    Defendant and Appellant. | B252937<br><br>(Los Angeles County<br>Super. Ct. No. NA090976) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark C. Kim, Judge.  Reversed and remanded with directions.

Heather J. Manolakas, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr., and Connie H. Kan, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

A jury convicted appellant Chhan Chhaim of discharging a firearm with gross negligence (Pen. Code, § 246.3, subd. (a))[1] and possession of a firearm by a felon (§ 29800, subd. (a)(1)).[2] Appellant argues the court should have stayed his sentence for firearm possession under section 654. He also argues the court erred in imposing two enhancements. We agree regarding the enhancements and reverse and remand for the limited purpose of resentencing.

## STATEMENT OF FACTS

On December 31, 2011, at approximately 11:30 p.m., Officers Jason Wood and Henry Vong with the Long Beach Police Department were patrolling a high-crime area of Long Beach. They were sitting in their patrol vehicle at a gas station when they heard a gunshot. They drove toward the direction of the gunshot and saw a group of four males in a parking lot. Three of the males were appellant and co-defendants Louis Songha and Khasen Chhaim.[3] Appellant was flailing his arms and seemed agitated. Songha was holding appellant back like he was restraining appellant from a fight. Appellant appeared to be heavily intoxicated. Officer Wood saw appellant grab at a bulge in his waistband and posture "as if he had a weapon." The officers exited their vehicle and drew their weapons. Officer Wood directed appellant and the others to put their hands up. Songha released appellant. Appellant lost his balance and fell onto his back on the sidewalk. When he fell, Officer Wood heard a heavy metallic clink. He then saw a small, dark-

---

[1]    Further undesignated statutory references are to the Penal Code.

[2]    At the time appellant committed the offense, possession of a firearm by a felon was codified in former section 12021, subdivision (a). Effective January 1, 2012, former section 12021 was repealed and continued in section 29800 without substantive change. (Cal. Law Revision Com. com., 51D pt. 4 West's Ann. Pen. Code (2012 ed.) foll. § 29800, p. 193)

[3]    Because Khasen Chhaim shares a surname with appellant, we will refer to him by his first name for the sake of clarity. Khasen is appellant's brother, and Songha is appellant's cousin. Songha and Khasen are not parties to this appeal.

colored firearm on the ground approximately a foot away from appellant. The officer ordered everyone not to touch the firearm. Songha did not comply and picked up the firearm. Officer Wood yelled "gun, gun, gun," to alert Officer Vong, who was approximately 10 yards north, that one of the men was armed. Songha turned away from Officer Wood and ran. Khasen got up from his position on the ground and jumped in between Officer Wood and Songha. Officer Wood then heard four to five gunshots from the area 10 yards north. He called out to Officer Vong, and Officer Vong responded that he was "okay." Officer Vong had chased after Songha and, using the weapon light on his pistol, saw that Songha had a gun pointed at him. Afraid Songha would shoot, Officer Vong fired five times at Songha. Songha fell to the ground, bleeding and holding his midsection. While this was going on between Songha and Officer Vong, Officer Wood had Khasen at gunpoint and ordered him to get on the ground. Khasen laid down on top of appellant.

Officer Timothy Redshaw responded to the scene. Appellant was laying on the ground on his stomach moving his arms around and would not remain still. Officer Redshaw ordered him to stop moving his arms around, but appellant would not. Another officer discharged two bean bags at appellant's back when he refused to comply. The officers handcuffed appellant and took him to the police station, after he had been medically cleared at the hospital.

At the station, appellant stated he had possessed a loaded firearm and had fired approximately two rounds at or toward his home. Two detectives interviewed appellant at approximately 4:20 a.m. on January 1, 2012. Appellant said he went into the backyard of his house carrying a gun. Right before midnight, he shot the gun into the air once or twice because it was the New Year holiday. Khasen and Songha tried to take him back into the house and take the gun away. He got the gun from inside the house (where he lived with his parents), underneath a sofa cushion in the living room. Appellant's brother, Tino Chhaim, testified there were no guns inside the house that he knew of because it would be disrespectful to their parents to have one there.

3

## PROCEDURAL HISTORY

In addition to the counts for discharging a firearm with gross negligence and possession of a firearm by a felon, the information alleged: as to both counts, appellant had suffered five prior convictions within the meaning of the Three Strikes Law, four of which were suffered in the same matter (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)); as to the count for discharging a firearm, appellant had suffered five prior convictions of a serious felony (§ 667, subd. (a)(1)); and as to the count for possession of a firearm, appellant had served a prison term for four prior convictions in one case (§ 667.5, subd. (b)). After the jury returned a guilty verdict, appellant admitted the special allegations. The court granted appellant's *Romero*[4] motion to strike four prior convictions to make this case a second-strike case.

The court sentenced appellant to a total term of 28 years, four months in state prison. The court imposed the upper term of three years for discharging a firearm with gross negligence, which it then doubled pursuant to the Three Strikes Law. The sentence on this count was enhanced by an additional ten years under section 667, subdivision (a)(1), and an additional year under section 667.5, subdivision (b). For possession of a firearm by a felon, the court imposed a consecutive term of 16 months in state prison, which amounted to twice one-third the midterm. The sentence on this count was also enhanced by an additional ten years under section 667, subdivision (a)(1). Appellant filed a timely notice of appeal.

## DISCUSSION

### 1. Section 654

"An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a).) Pursuant to section 654, appellant contends we should

---

[4]     *People v. Romero* (1996) 13 Cal.4th 497.

stay his sentence on count 4 for possession of a firearm by a felon.  He argues the conduct underlying this offense and the offense in count 3, grossly negligent discharge of a firearm, constituted a single act.  We disagree.

"Section 654 prohibits punishment for two crimes arising from a single, indivisible course of conduct.  [Citation.]  Thus, if all of the crimes were merely incidental to or were the means of accomplishing or facilitating a single objective, the defendant may receive only one punishment.  [Citation.]  'The defendant's intent and objective are factual questions for the trial court; [to permit multiple punishments,] there must be evidence to support a finding the defendant formed a separate intent and objective for each offense for which he was sentenced.  [Citation.]'  [Citation.]  When a trial court sentences a defendant to separate terms without making an express finding the defendant entertained separate objectives, the trial court is deemed to have made an implied finding each offense had a separate objective.  [Citation.]"  (*People v. Islas* (2012) 210 Cal.App.4th 116, 129.)

"'A trial court's implied finding that a defendant harbored a separate intent and objective for each offense will be upheld on appeal if it is supported by substantial evidence.  [Citation]'"  (*People v. Islas, supra*, 210 Cal. App.4th at p. 129.)  We view the evidence in the light most favorable to the sentencing order and presume the existence of every fact the trial court could reasonably deduce from the evidence.  (*People v. Hutchins* (2001) 90 Cal.App.4th 1308, 1312-1313.)  The forfeiture doctrine does not apply to section 654 sentencing issues.  Thus, we may correct errors in the applicability of section 654 on appeal regardless of whether the defendant raised an objection in the trial court.  (*People v. Lopez* (2004) 119 Cal.App.4th 132, 138.)

In *People v. Bradford* (1976) 17 Cal.3d 8 (*Bradford*), our Supreme Court held that imposition of consecutive sentences for firearm assault on a peace officer and illegal possession of the firearm by a felon violated section 654.  The court held that "'where the evidence shows a possession distinctly antecedent and separate from the primary offense, punishment on both crimes has been approved.  On the other hand, where the evidence shows a possession only in conjunction with the primary offense, then punishment for the

5

illegal possession of the firearm has been held to be improper where it is the lesser offense.'" (*Bradford*, at p. 22, quoting *People v. Venegas* (1970) 10 Cal.App.3d 814, 821.)

Here, the court did not err in imposing a consecutive sentence on count 4. There was substantial evidence appellant's possession of the firearm was antecedent and separate from his grossly negligent discharge of the firearm. Even though appellant's brother thought there were no guns in the house because it would be disrespectful to their parents, appellant said he retrieved the firearm from inside his house, where he knew it was hidden under the cushions of the couch. He then took it outside and shot into the air. The court could have reasonably inferred from this evidence that the gun belonged to appellant or he possessed it prior to and separately from his act of discharging it into the air. (*People v. Jeffers* (1996) 41 Cal.App.4th 917, 922 [offense requires ownership, possession, custody, or control of a firearm]; *People v. Ratcliff* (1990) 223 Cal.App.3d 1401, 1410 ["Implicitly, the crime is committed the instant the felon in any way has a firearm within his control" (italics omitted).].) In other words, he had multiple criminal objectives in possessing the firearm and then discharging it in a grossly negligent manner. This case is unlike *Bradford*, in which the defendant wrested a police officer's gun away from the officer and immediately shot at the officer with it. (*Bradford, supra*, 17 Cal.3d at p. 13.) In such a case, unlike here, "fortuitous circumstances put the firearm in the defendant's hand only at the instant of committing another offense." (*People v. Ratcliff, supra*, 223 Cal.App.3d at p. 1412.) Appellant's consecutive sentence on count 4 did not violate the proscription against multiple punishment of a single act.

## 2. *Section 667, Subdivision (a)(1) Enhancement*

Appellant contends the court erred in imposing a 10-year enhancement (consisting of two 5-year terms) on count 4 under section 667, subdivision (a)(1). Respondent concedes the error, and we agree as well.

Section 667, subdivision (a)(1), provides "any person convicted of a serious felony who previously has been convicted of a serious felony . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each

6

such prior conviction on charges brought and tried separately." The statute defines a "serious felony" as "a serious felony listed in subdivision (c) of Section 1192.7." (§ 667, subd. (a)(4).) The offense in count 4, possession of a firearm by a felon, is not a serious felony listed in section 1192.7, subdivision (c). This enhancement should not, therefore, have been imposed on count 4. (*People v. Garcia* (2008) 167 Cal.App.4th 1550, 1563.)

### 3. *Section 667.5, Subdivision (b) Enhancement*

Appellant contends the court also erred in imposing a one-year enhancement on count 3 under section 667.5, subdivision (b). Again, respondent concedes the error, and we agree.

The court enhanced appellant's sentence in count 3 with a 10-year term, consisting of two 5-year terms for two prior serious felony convictions under section 667, subd. (a)(1). It used the prison term for one of those prior serious felony convictions to also impose a one-year enhancement under section 667.5, subdivision (b). Our Supreme Court has held courts cannot use a prior conviction and the prison term served for that same conviction to impose enhancements under both sections 667, subdivision (a)(1) and 667.5, subdivision (b). (*People v. Jones* (1993) 5 Cal.4th 1142, 1153.) Accordingly, the one-year enhancement under section 667.5, should not have been imposed. (*People v. Perez* (2011) 195 Cal.App.4th 801, 805.)

### 4. *Remand for Resentencing*

We cannot simply strike the unauthorized enhancements and order an amended abstract of judgment. When correcting a sentencing error that may affect the trial court's discretionary sentencing decisions, the proper remedy is to reverse and remand for resentencing to give the trial court an opportunity to restructure its sentencing choices. (*People v. Rodriguez* (2009) 47 Cal.4th 501, 509; *People v. Edwards* (2011) 195 Cal.App.4th 1051, 1060.) Here, there is no doubt the trial court will want to restructure its sentencing choices. At the sentencing hearing, the court stated: "Thus the total aggregate term is 28 years and four months. It is the intent of this court that defendant receive no less than 28 years and four months. If the court's interpretation of 667(a)(1) is

incorrect, then the court does reserve the right to impose sentence that matches that amount or more." The proper remedy is to remand.[5]

## DISPOSITION

The judgment is reversed and the cause remanded for the limited purpose of resentencing appellant in accordance with the views expressed in this opinion.

FLIER, J.

WE CONCUR:

RUBIN, Acting P. J.

GRIMES, J.

---

[5] We note that upon remand, the court does not have the authority to increase appellant's punishment beyond the original sentence. (*People v. Hanson* (2000) 23 Cal.4th 355, 358-360.)