Filed 5/28/15  P. v. Moore CA5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F067580 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. Nos. VCF238749 & VCF265039) |
| RONNIE ALLEN MOORE, | **O P I N I O N** |
| Defendant and Appellant. | |

### THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.  Brett R. Alldredge and Valeriano Saucedo, Judges.[1]

Kendall Simsarian, under appointment by the Court of Appeal, for Defendant and Appellant.

---

* Before Levy, Acting P.J., Cornell, J., and Franson, J.

[1]    Judge Saucedo presided over appellant's change of plea hearing in case No. VCF238749.  Judge Alldredge presided over appellant's trial in case No. VCF265039 and sentenced appellant.

Kamala D. Harris., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, R. Todd Marshall and Larenda R. Delaini, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Appellant, Ronnie Allen Moore, was convicted of separate counts of felony drunk driving in case Nos. VCF238749 and VCF265039 (hereafter 238749 and 265039 respectively). Appellant contends the trial court improperly assumed the role of prosecutor when it took his change of plea in case No. 238749 and improperly imposed fines and fees when he was jointly sentenced in both cases. The People reply that there was no judicial error when the trial court accepted appellant's change of plea in case No. 238749 and concede the trial court erred in the imposition of the fines and fees.

## FACTS AND PROCEEDINGS

*Case No. 238749*

On June 9, 2010, appellant was charged in a criminal complaint with driving on May 16, 2010, under the influence of alcohol (Veh. Code, § 23152, subd. (a), count 1) and driving with a blood alcohol content of .08 percent or higher (Veh. Code, § 23152, subd. (b), count 2). Both counts allegedly occurred on one occasion from a single act. The complaint further alleged that appellant had six prior convictions for driving under the influence (Veh. Code, §§ 23540, 23550 & 23550.5) and was subject to multiple prior prison term enhancements pursuant to Penal Code section 667.5, subdivision (b).

On March 1, 2012, appellant entered into a plea agreement. Appellant executed a felony advisement of rights, waiver and plea form acknowledging the consequences of his plea as well as acknowledging and waiving his constitutional rights pursuant to *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122. At the change of plea hearing, appellant and the People were represented by counsel. The court

2

stated that it intended to impose a suspended prison term of five years on the condition that appellant serve 365 days in jail. The plea agreement was made with the understanding that appellant was willing to waive his accrued custody credits up until March 1, 2012.

Appellant acknowledged that he executed and initialed the plea form, had read the matters set forth therein, and agreed to the matters set forth in the plea form. Appellant admitted that he knowingly, voluntarily, and with full understanding waived his constitutional rights. Appellant pled no contest to count 2 and admitted that he had six prior drunk driving convictions.[2] The prosecutor agreed to the dismissal of count 1 and did not object to any aspect of the proceedings.

### Case No. 265039

On March 13, 2012, a new felony criminal complaint was filed in case No. 265039, alleging that appellant was arrested on February 8, 2012, for driving under the influence of alcohol. On August 23, 2012, an information was filed alleging that on February 8, 2012, appellant drove under the influence of alcohol, a felony (Veh. Code,

---

[2] Two of the drunk driving convictions that appellant admitted (case No. 006955A on August 19, 2004, and case No. 1096474 on September 19, 2005) were also alleged as prior prison term enhancements in the criminal complaint and listed in the plea form as allegations appellant was admitting. On page one, footnote 3 of the People's opening brief, respondent questioned how the trial court arrived at an indicated sentence of five years because appellant had not admitted any prior prison term enhancements. We initially note that the prosecutor's pleadings in case No. 238749 are not a model of clarity. We do not agree with respondent, however, that appellant did not admit any prior prison term enhancements.

When the court took appellant's change of plea, appellant admitted six prior drunk driving convictions, including two that were alleged in the complaint as prior prison term enhancements. These were the drunk driving convictions noted above that occurred in 2004 and 2005. The court could reach its indicated, suspended sentence of five years by sentencing appellant to the upper term of three years for his conviction on count 2 for Vehicle Code section 23152, subdivision (b), plus consecutive terms of one year for each prior prison term enhancement.

3

§ 23152, subd. (a), count 1), drove with a blood alcohol content at or above .08 percent, a felony (Veh. Code, § 23152, subd. (b), count 2), and drove with a suspended license, a misdemeanor (Veh. Code, § 14601.2, subd. (a), count 3). The information alleged that appellant had seven prior drunk driving convictions pursuant to Vehicle Code sections 23550 and 23550.5 and was subject to three prior prison term enhancements (Pen. Code, § 667.5, subd. (b)).

At the conclusion of jury trial on April 3, 2013, appellant was found guilty of all three counts. In a bifurcated proceeding the next day, the jury found true allegations that appellant had four prior drunk driving convictions (in the years 2002, 2004, 2005, and 2012) and three prior prison term enhancements.

### Sentencing Hearing

On June 27, 2013, the trial court sentenced appellant in case No. 265039 to the midterm of two years on count 2 (Veh. Code, § 23152, subd. (b)) and to consecutive terms of one year for each of the three prior prison term enhancements. Appellant's total prison term was set at five years. The court stayed appellant's sentence on count 1 pursuant to Penal Code section 654. The court sentenced appellant in case No. 238749 to the midterm of two years on count 2 (Veh. Code, § 23152, subd. (b)), to be served concurrently with appellant's sentence in the other case.[3]

---

[3] The People argue in their reply brief in footnote 6 at page 3 that the trial court stayed sentence on "five prison priors." The People argue that appellant did not admit any prior prison term enhancements in case No. 238749. We explained above in footnote 2 why we disagree with the People on this point. We note that all of the allegations of prior drunk driving convictions are the same in the pleadings in case Nos. 238749 and 265039, except the latter includes appellant's prior drunk driving conviction in case No. 238749. As further noted in footnote 2, *ante*, two of the prior drunk driving convictions were also alleged as prior prison term enhancements in case No. 238749. These same two prior drunk driving convictions in 2004 and 2005 were alleged in the information in case No. 265039 as separate prior prison term enhancements that were subsequently found true by the jury.

The court awarded appellant total custody credits in case No. 238749 of 488 days with a $400 restitution fine, and total custody credits in case No. 265039 of 257 days with a $2,000 restitution fine. The court imposed a fine pursuant to Vehicle Code section 23536 of $2,600 in each case "as allocated and set forth" in paragraph 7 of the probation report.

Paragraph 7 of the probation report recommended a fine of $2,600 in case No. 265039 pursuant to Vehicle Code section 23536, and paragraph 6 of the probation report recommended the identical fine pursuant to the same Vehicle Code section in case No.

---

Because prior prison term enhancements are status enhancements, they can only be imposed once when a defendant is sentenced to an aggregate sentence on determinate prison term. (See *People v. Edwards* (2011) 195 Cal.App.4th 1051, 1057, 1060.) Therefore the same prior prison term enhancements alleged and admitted or found true in both cases can only be applied once to appellant's sentence.

In evaluating the information in case No. 265039, we observe that three prior prison term enhancements were alleged. One of those included two convictions for non-drunk driving offenses in 2008 for which a single prison term was served, as well as the two prior drunk driving convictions noted above. The jury verdict forms included true findings for three prior prison term enhancements. There are four additional true findings of four prior drunk driving convictions between 2004 and 2012 that were used to charge appellant with felony drunk driving pursuant to sections 23540, 23550, and 23550.5 of the Vehicle Code. Although the 2004 drunk driving conviction was alleged as both a prior prison term enhancement and a prior drunk driving conviction under the Vehicle Code, with the exception of the 2004 prior drunk driving conviction, the other three prior drunk driving convictions were not found true by the jury as prior prison term enhancements.

The trial court did not refer during sentencing to the jury's true finding on the four prior drunk driving convictions, and it did not impose and stay sentence on those four true findings which were not alleged to be prior prison term enhancements. The abstract of judgment refers to four additional prior prison term enhancements that were not alleged in the information and not found true by the jury. This is clerical error that can be corrected any time. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *In re Candelario* (1970) 3 Cal.3d 702, 705.) We will remand for the trial court to correct the abstract of judgment to show that appellant is subject to only three prior prison term enhancements and to remove reference to the remaining stayed prior prison term enhancements.

5

238749, with several specific allocations to several different penalty assessments, fines, fees pursuant to other provisions of the Government Code and Penal Code.

***Contentions on Appeal***

Appellant contends the trial court engaged in improper plea bargaining with him when it took his change of plea in case No. 238749. We disagree with appellant's assertion and affirm appellant's conviction in the first drunk driving case. Appellant further argues, and respondent concedes, that the trial court erred in applying a $2,600 fine in each case pursuant to Vehicle Code section 23536 and for failing to identify each penalty and fine in its judgment and the abstract of judgment. We agree with the parties on this point and will remand for the trial court to designate and allocate the fines, fees, and penalty assessments.[4]

## ALLEGED IMPROPER PLEA BARGAIN

Appellant contends the trial court's "indicated sentence" in the first drunk driving case (238749) was an illegal plea bargain and must be vacated. We disagree.

In *People v. Clancey* (2013) 56 Cal.4th 562, 572-584 (*Clancey*) the California Supreme Court recently set forth the legal distinction between unlawful plea bargains and lawful indicated sentences. The trial court in *Clancey*, following off-the-record discussions among the parties, recited the details of the defendant's plea bargain on the record. The defendant was to plead to the allegations as charged, including an admission to a prior serious felony conviction under the three strikes law. The trial court stated it anticipated that at sentencing, it would grant the defendant's request pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, to strike the prior serious felony allegation and sentence the defendant to prison for five years. (*Clancey*, *supra*, 56 Cal.4th at p. 570.)

---

**4**    Because appellant's contentions on appeal do not involve the underlying facts of his drunk driving convictions, we do not recount them.

In *Clancey*, the People objected to the proposed disposition because the People believed a reasonable disposition would be a state prison sentence of eight or nine years. (*Clancey*, *supra*, 56 Cal.4th at pp. 570-571.) Despite the objection, the trial court obtained the appropriate waivers from the defendant, the parties stipulated to a factual basis for the plea, and the defendant pled no contest to all of the allegations and admitted the prior serious felony allegation. During sentencing as the trial court considered the defendant's *Romero* request, the People again objected to proposed disposition of a five-year sentence. The trial court explained that the purpose of the early resolutions calendar was to dispose of cases. (*Clancey*, *supra*, 56 Cal.4th at p. 571.) The court struck the prior serious felony allegation pursuant to *Romero* and sentenced appellant to a prison term of five years. (*Clancey*, *supra*, 56 Cal.4th at p. 572.)

The court in *Clancey* proceeded to discuss the doctrine of separation of powers between the courts and the executive branch of government represented by the prosecutor, especially the executive's prerogative to conduct plea negotiations. (*Clancey*, *supra*, 56 Cal.4th at pp. 572-575.) The *Clancey* court stated four basic limitations on the courts toward this end: (1) the trial court generally should refrain from announcing an indicated sentence while the parties are still negotiating a potential plea bargain; (2) the trial court should consider whether the existing record concerning the defendant and the defendant's offense or offenses is adequate to make an informed and reasoned judgment as to the appropriate penalty; (3) a court cannot offer any inducement in return for a plea of guilty or nolo contendere, treating the defendant more leniently because he or she forgoes his or her right to trial or more harshly because he or she exercises that right; and (4) the court cannot bargain with a defendant over the sentence to be imposed. (*Id.* at pp. 574-575.)

The *Clancey* court further noted that an indicated sentence is not a promise that a particular sentence will in fact be imposed at sentencing and it does not divest the trial

7

court of its ability to exercise its discretion at the sentencing hearing. (*Clancey*, *supra*, 56 Cal.4th at p. 576.) *Clancey* concluded the record in that case did not clearly indicate whether the indicated sentence represents the trial court's considered judgment as to the appropriate punishment for the defendant *and* the party challenging the disposition objected on the proper basis to the trial court. When both conditions are met, the proper remedy is a conditional reversal with directions to the trial court on remand to resolve the ambiguities in the record. (*Id*. at p. 578.)

We find the instant action distinguishable from *Clancey* in one key respect. Unlike the prosecutor in *Clancey*, the prosecutor in the instant action never objected to any aspect of the plea agreement, including the trial court's proposed disposition. Also, in *Clancey* the People were the aggrieved party and objected to the trial court's indicated sentence. Here, in contrast, the appellant failed to object to the trial court's indicated sentence until the instant appeal.

We further observe that although the trial court stated on the record as to what its indicated disposition would be, it appears from the available record that the court was announcing the terms of a negotiated plea agreement between the parties rather than unilaterally imposing an agreement without the prosecutor's consent. Appellant executed a plea form acknowledging the consequences of his plea and waiving his constitutional rights. The terms of the plea agreement were set forth in the plea form. The trial court announced the terms of the plea agreement without objection from the prosecutor. Also, the prosecutor expressly agreed on the record without objection to dismiss the first count.[5]

---

[5] Counts 1 and 2 in both cases were based on a single act of driving while intoxicated and sentence could only be imposed on one count in each case. To do otherwise would have constituted a violation of Penal Code section 654. (*People v. Martinez* (2007) 156 Cal.App.4th 851, 857.)

Finally, most of the indicia of an improper indicated sentence were not present in the instant action. There is no indication in the record that there were still negotiations on-going between the prosecution and the defendant. The facts of appellant's current and past convictions were simple enough for the trial court to make an informed and reasoned judgment concerning judgment in appellant's case. There is no indication the court offered an improper inducement or that the court bargained directly and only with appellant to obtain his change of plea. The prosecutor did not challenge the plea agreement, or indicated sentence, at the change of plea hearing and still does not do so. We find that the trial court did not negotiate an unlawful plea bargain in case No.238749.

## FEES AND FINES

Appellant challenges the trial court's reference to Vehicle Code section 23536 while imposing fines because that particular statute applies only to a first time drunk driving conviction. Appellant argues that this code section sets a maximum fee of $1,000 and he was fined $2,600. Appellant also contends the trial court's failure to specifically set forth the fines and fees was error, citing *People v. High* (2004) 119 Cal.App.4th 1192, 1200 (*High*). The People concur with these contentions, but explain that the trial court only set a fee of $650 pursuant to the Vehicle Code. We agree with the People.

As a preliminary matter, we note that the California Supreme Court recently applied the doctrine of forfeiture where a defendant failed to first lodge an objection to the imposition of expenses based on probation-related costs and an order for reimbursement of fees paid to trial counsel pursuant to Penal Code sections 1203.1b and 987.8. (*People v. Trujillo* (2015) 60 Cal.4th 850 (*Trujillo*); *People v. Aguilar* (2015) 60 Cal.4th 862 (*Aguilar*).) Neither party objected to any of the fines and fees here in question.[6] Although arguably the forfeiture doctrine is applicable to the fines and fees

---

[6] We do not consider the issue of whether *High* has been implicitly overruled by the California Supreme Court's decisions in *Trujillo* and *Aguilar*.

9

issues raised by appellant here, we reach the merits of appellant's contentions for judicial economy because the abstract of judgment requires amendment on remand.

The parties are correct that Vehicle Code section 23536 only applies to first time drunk driving offenders. Similar language is employed in Vehicle Code sections 23550, subdivision (a) and 23550.5.[7] These statutes, which do apply to appellant, authorize a fine of not less than $390 and not more than $1,000. The trial court adopted the probation officer's recommendation in paragraph 7 of the probation report recommendations in case No. 265039 and paragraph 6 of the probation report recommendations in case No. 238749. Although this paragraph refers to incorrect Vehicle Code section 23536, the $650 fee recommended falls within the statutory range contemplated by the other statutes applicable to appellant.

We note that the other fees set forth in the probation report are not pursuant to a single Vehicle Code section, but are applicable pursuant to several different Vehicle and Penal Code statutes. We therefore agree with the People's position that appellant could not be fined more than $1,000 pursuant to either Vehicle Code sections 23550 or 23550.5. The court's $650 fine is proper under either of these Vehicle Code sections and the remainder of the fines adding up to $2,600 are pursuant to other statutory provisions.

---

**7** Vehicle Code section 23550, subdivision (a) is applicable to a defendant who has had three or more drunk driving convictions within the previous 10 years pursuant to Vehicle Code sections 23152, 23153, or 23103. Vehicle Code section 23550.5, subdivision (a) is applicable, inter alia, to a defendant who has a drunk driving conviction within the previous 10 years under Vehicle Code sections 23152 or 23153 and one of these convictions is punished as a felony. Both Vehicle Code sections 23550 and 23550.5 are applicable to appellant, who had three or more drunk driving convictions between 2003 and 2013, and who had at least one drunk driving conviction that was treated as a felony within 10 years of his latest conviction. Because punishment of the fines and fees under both Vehicle Code sections 23550 and 23550.5 would violate the prohibition against multiple punishment under Penal Code section 654, the trial court on remand will have to choose one of these two Vehicle Code sections when imposing its previously announced $650 fine.

The abstract of judgment, however, makes it appear that all $2,600 in fines were made pursuant to Vehicle Code section 23536.

In accordance with *High*, the trial court should specifically set forth each fine, fee, and penalty pursuant to each applicable statute.

## DISPOSITION

The case is remanded to the trial court to amend the abstract of judgment to remove reference of the stayed prior prison term enhancements, leaving only the three alleged, proven, and imposed prior prison term enhancements. The abstract of judgment shall further be amended to remove reference to Vehicle Code section 23536, and for the trial court to choose either Vehicle Code section 23550 or section 23550.5 to impose a $650 fine in each case. The trial court shall set forth each specific fine or fee constituting the remainder of the $2,600 in total fines and fees imposed by the court in case Nos. 265039 and 238749. The amended abstract of judgment shall be forwarded to the appropriate authorities. The judgment is otherwise affirmed.

11