Filed 7/22/21  P. v. White CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C091235 |
| Plaintiff and Respondent, | (Super. Ct. No. 19F3432) |
| v. | |
| MICHAEL JAMES WHITE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Michael James White filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After examining the record, we conclude that there are errors in the abstract of judgment and minutes that must be corrected, but that there are no other arguable errors that would result in a disposition more favorable to defendant.  We shall direct the clerk to amend the abstract of judgment and minutes accordingly, and otherwise affirm.

# I. BACKGROUND

At nearly midnight on June 2, 2019, B.S. observed defendant, who lived nearby, walking along the street outside the home B.S. shared with N.B.; defendant was yelling. B.S. went outside to ask defendant what was wrong. Defendant responded that B.S. had knocked him down several months ago, and then struck B.S. in the mouth with a closed fist, causing swelling and bleeding.

N.B. ran to the street and began struggling with defendant; during the melee, defendant punched N.B. After B.S. punched defendant several times, defendant released his hold on N.B. Defendant then returned to the direction of his residence down the street.

B.S.'s wife called police. Shortly after midnight officers responded to the scene. Officer Matthew Bruce was aware that defendant was a "parolee at large," and called for backup.

As several officers approached defendant's location, they noticed a silhouette moving through a nearby field. They announced they were police and asked defendant to confirm his identity. After defendant did not respond, Officer Bruce ordered him to come towards the officers. Defendant ignored the command.

Officer Bruce then approached defendant and instructed him to put his hands behind his back. Defendant turned and started to walk away. Although Officer Bruce grabbed defendant's arm and shoulder area, defendant continued to walk away. The officer pushed defendant into the wall of a nearby house. After informing defendant that there was a warrant for his arrest and that he would be taken into custody, Officer Bruce attempted to handcuff defendant. Defendant, however, attempted to run in the opposite direction, dragging the officer. Officers Brett Leonard and Timothy Jaegel helped grab defendant, taking him to the ground. Defendant pulled away from Officer Leonard's grasp and held onto Officer Jaegel's hand to prevent him from removing his hand from under defendant's body. Defendant continued to struggle while on the ground, but he

was eventually handcuffed and arrested. During the arrest, defendant spontaneously stated, " '[t]hat guy was a dick. He deserved it.' "

In July 2019, defendant was charged with three counts of obstructing an executive officer (Pen. Code,[1] § 69—count 1 [Officer Timothy Jaegel], count 2 [Officer Matthew Bruce], count 3 [Officer Brett Leonard])[2], two counts of misdemeanor battery (§ 242—count 4 [on B.S.], count 6 [on N.B.]), and misdemeanor assault on N.B. (§ 240—count 5). It was further alleged that defendant had two prior serious felony convictions (§ 1170.12), and had served two prior prison terms (§ 667.5, subd. (b)) for convictions for criminal threats (§ 422) and assault with a deadly weapon (§ 245, subd. (a)(1)).[3]

In November 2019, a jury found defendant guilty of counts 1 through 4 and not guilty of counts 5 and 6. In a bifurcated proceeding, the trial court found true the two prior strikes and one of the alleged prior prison terms; the court found the second prior prison term true, but struck the enhancement.

In December 2019, the trial court sentenced defendant to eight years eight months in state prison calculated as follows: the upper term of three years on count 1, doubled to six years for the strike prior; one-third the midterm of eight months on count 2, doubled to one year four months for the strike prior; and one-third the midterm of eight months on count 3, doubled to one year four months due to the strike prior. The court imposed a concurrent term of 180 days on count 4. Apparently recognizing that the prior prison term enhancements could only be imposed once, on the aggregate sentence rather than

---

[1] Further undesignated statutory references are to the Penal Code.

[2] In June 2019, prior to the preliminary hearing, the court suspended criminal proceedings pursuant to section 1368 to evaluate defendant's competency to stand trial. After considering the psychologist's evaluation, the court found defendant competent and reinstated criminal proceedings.

[3] Both prior prison terms were alleged as to counts 1, 2, and 3.

per count, the court struck the prior prison term enhancement alleged on two counts and permanently stayed the enhancement as to the third count.[4] The court imposed minimum restitution fines and mandatory assessments. Defendant timely appealed.

## II. DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant. We have, however, discovered errors in the abstract of judgment and sentencing minutes that must be corrected. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 [appellate court may correct clerical errors in abstract of judgment and minute orders that do not accurately reflect the oral pronouncement of judgment by a sentencing court].) Given defendant's prior strike conviction, the trial court doubled each term imposed on counts 1 through 3 during sentencing. While the abstract of judgment reflects the three-year term on count 1 as well as the two 8-month terms for counts 2 and 3, respectively, the abstract fails to reflect that those terms each were doubled for defendant's prior strike. (§§ 667, 1170.12.)

The abstract of judgment and sentencing minutes also show that the court stayed three prior prison term enhancements under section 667.5, subdivision (b). But the court only found two prior prison term enhancements true; it struck one enhancement and permanently stayed the other for the aggregate sentence. The abstract of judgment and

---

[4] Given defendant's conviction and prison sentence, the court revoked and terminated probation in two other matters.

4

minutes should therefore reflect that one prior prison term enhancement, rather than three separate enhancements, was stayed. (*People v. Edwards* (2011) 195 Cal.App.4th 1051, 1060 ["Prior prison term enhancements are status enhancements which can be imposed only once, on the aggregate sentence"].) We shall direct the clerk to amend the abstract of judgment accordingly.

## III. DISPOSITION

The judgment is affirmed. The clerk of the court is directed to prepare an amended abstract of judgment showing that the terms on counts 1 through 3 were doubled as a result of defendant's prior strike conviction, and that the court stayed the sentence on a single prior prison term enhancement. The clerk shall further amend the sentencing minutes to reflect that the court found the prior prison term enhancements applied per case, rather than per count, and that the court struck one prior prison term enhancement and permanently stayed the other prior prison term enhancement. The clerk shall forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

/S/

_____

RENNER, J.

We concur:

/S/

_____

BLEASE, Acting P. J.

/S/

_____

MURRAY, J.

5