Filed 7/10/25  P. v. Vasquez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085867 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. Nos. RIF2003172, RIJ1300070) |
| SAMUEL VASQUEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Riverside County, Bernard Schwartz, Judge.  Affirmed in part, reversed in part, and remanded with directions.

Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Kelley Johnson, Deputy Attorneys General, for Plaintiff and Respondent.

Samuel Vasquez was convicted of a dozen offenses, including murder and attempted murder.  On appeal, he challenges the life sentence imposed

for attempted murder on count 12 and the gang enhancements imposed on the two counts of murder. He also seeks to correct clerical errors in the abstract of judgment and the language in two verdict forms. The People concede error on all but the verdict form issue. Resolving this matter by memorandum opinion (see *People v. Garcia* (2002) 97 Cal.App.4th 847, 851-854), we accept the People's concessions, modify the judgment, and reverse and remand with directions. We otherwise affirm.

I.

A jury convicted Vasquez of two counts of first degree murder (Pen. Code, § 187(a); counts 1 & 2); five counts of attempted murder (§§ 664/187(a); counts 3, 4, 5, 6 & 12); four counts of assault with a firearm (§ 245(a)(2); counts 7, 8, 9 & 10), and one count of discharging a firearm at an occupied building (§ 246; count 11.)

On counts 1 and 2, the jury found Vasquez was present during the murders for gang purposes (§ 190.2(a)(22)) and the special circumstance of multiple murders within a single case (§ 190.2(a)(3)). In a separate trial, the court also found true "gang gun" allegations attached to counts 1 and 2. (§ 12022.53(d) & (e).) On counts 1, 2, and 4 through 12, the court found Vasquez committed the offenses for the benefit of, at the direction of, or in association with a criminal street gang. (§ 186.22(b)(1)(C).)

The court sentenced Vasquez to prison for two indeterminate terms of life without the possibility of parole with an aggregate indeterminate term of 207 years to life and an aggregate determinate term of 40 years.

II.

Vasquez's grounds for appeal fall into four groups. He argues (1) the life sentence imposed on count 12 is unauthorized because the jury did not find he committed premeditated attempted murder; (2) the 10-year gang enhancements imposed under section 186.22(b) on counts 1 and 2 must be

2

stricken as (a) inapplicable to sentences of life without parole or, alternatively, (b) unauthorized given the firearm enhancements imposed under section 12022.53(e); (3) some clerical errors in the abstract of judgment must be corrected; and (4) clerical errors in the verdict forms for the true firearm enhancement findings on counts 3 and 12 must be modified to reflect the evidence and jury instructions. We address each argument in turn.

A.

To start, Vasquez argues, and the People concede, the life sentence imposed on his murder conviction on count 12 is unauthorized because the jury did not find the attempted murder was willful, deliberate, and premeditated. We agree.

A sentence is unauthorized "where it could not lawfully be imposed under any circumstance in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354.) An unauthorized sentence "presents a pure question of law" we examine de novo. (*People v. Camp* (2015) 233 Cal.App.4th 461, 467.)

Attempted murder is punishable by life in prison with possible parole only if the trier of fact finds true "that the attempted murder was willful, deliberate, and premeditated." (§ 664(a).) Otherwise, attempted murder is punishable by a determinate prison term of five, seven, or nine years. (*Ibid.*)

Here, although count 12 of the second amended information alleged that Vasquez committed willful, deliberate, and premeditated attempted murder, the jury never made any such finding. Even so, the court sentenced Vasquez to life in prison with the possibility of parole after 15 years. Yet without the requisite finding, the court was limited to a determinate five-, seven-, or nine-year term. (§ 664(a).) Thus, the life sentence imposed on count 12 was unauthorized.

3

Because the "sentence was not subject to a life sentence," Vasquez correctly argues "it also was not subject to" the gang enhancement under section 186.22(b)(5). Section 186.22(b) "establishes alternative methods for punishing felons whose crimes were committed for the benefit of a criminal street gang." (*People v. Lopez* (2005) 34 Cal.4th 1002, 1004.) Section 186.22(b)(5), which prohibits parole "until a minimum of 15 calendar years have been served," applies only where a felony is "punishable by imprisonment in the state prison for life." Because we reverse count 12's unauthorized life sentence, section 186.22(b)(5) no longer applies to count 12.

Accordingly, we reverse Vasquez's sentence on count 12 and remand for resentencing so the trial court can determine the appropriate term for count 12 and the related gang enhancement.

### B.

Next, Vasquez asks us to strike the 10-year gang enhancements imposed under section 186.22(b)(1)(C) on counts 1 and 2 as (1) inapplicable to sentences of life without parole and, alternatively, (2) unauthorized given the firearm enhancements of 25 years to life imposed under section 12022.53(e) on the same counts. The People concede based on the second argument, so we limit our discussion to that point.

As noted above, we review an unauthorized sentence de novo. (*Camp*, 233 Cal.App.4th at p. 467.)

Regarding the firearm enhancements imposed on counts 1 and 2, the court found Vasquez guilty "either as an actual shooter or an aider and abett[o]r with a co-conspirator" without ever finding Vasquez did in fact discharge a firearm.

When a firearm enhancement is imposed based on vicarious liability under section 12022.53(e), the court shall not also impose a gang

4

enhancement under section 186.22 unless the defendant personally discharged a firearm.  (*People v. Brookfield* (2009) 47 Cal.4th 583, 590.)  The vicarious liability enhancement under section 12022.53(e) applies only if the defendant committed an enumerated felony for gang purposes and the principal in the offense committed the felony used or discharged a firearm.  (§ 12022.53(e).)  But if the defendant did not personally discharge a firearm, "[t]hey are subject to additional punishment under *either* section 12022.53 *or* the gang-related sentence increases under section 186.22, but not *both*."  (*Brookfield*, at pp. 593-594.)

Here, the People agree "the court did not find that [Vasquez] personally used or discharged a firearm during the commission of the murders in counts 1 and 2."  So the court could not impose *both* the firearm enhancement under section 12022.53(e) *and* the gang enhancement under section 186.22(b)(1)(C).  As a result, this aspect of Vasquez's sentence on counts 1 and 2 was unauthorized.

"In choosing which of those two provisions to apply, the trial court must . . . choose the provision that will result in a greater sentence."  (*Brookfield*, 47 Cal.4th at p. 596.)  Here, the greater penalty is the term of 25 years to life imposed under section 12022.53(e).  Thus, we strike the 10-year gang enhancements under section 186.22(b) on counts 1 and 2.

## C.

Turning to the abstract of judgment, Vasquez identifies, and the People concede, two categories of clerical errors.

We have "the inherent power to correct clerical errors" to make the records "reflect the true facts."  (*In re Candelario* (1970) 3 Cal.3d 702, 705.)

On count 11, the jury instruction told the jury Vasquez was charged "with shooting at an inhabited house" in violation of section 246 and to find

him guilty only if the People proved, as relevant here, Vasquez shot "at an inhabited house." Yet the abstract of judgment incorrectly describes count 11 as "[s]hoot at [v]ehicle" in violation of section 246. There were no allegations that Vasquez shot at a vehicle.

On counts 2 through 12, the abstract of judgment states Vasquez committed the charged offenses in 2015. The second amended information alleged and the evidence presented at trial showed, however, these offenses were committed in 2017.

We remand with directions for the trial court to correct these clerical errors in the abstract of judgment.

### D.

Lastly, Vasquez asserts the verdict forms for the firearm enhancements on counts 3 and 12 contain incorrect language that must be stricken, either under (1) section 1181(6), which allows the court to modify a verdict to conform to proof; or (2) the court's inherent authority to correct clerical errors. The People agree those two verdict forms include an erroneous finding but argue (1) Vasquez forfeited the claim and, in any event, (2) the jury's intent is clear so we should disregard the "insignificant defects" in the verdict forms. We conclude Vasquez has the better argument and strike the language as a clerical error.

On counts 3 and 12 for attempted murder, the jury was asked only to determine whether Vasquez "personally and intentionally discharged a firearm during that offense." Yet the corresponding verdict forms state Vasquez "**did** personally and intentionally discharge a firearm *and proximately caused great bodily injury or death to another person, not an accomplice*, within the meaning of" sections 12022.53(c) and 1192.7(c)(8). (Italics added.)

6

We disagree Vasquez forfeited this claim of error. "[C]lerical errors in a judgment, where they are shown by the record, may be corrected at any time." (*Hennefer v. Butcher* (1986) 182 Cal.App.3d 492, 506.) We may, in our discretion, modify the "jury's recordation of its verdict." (*People v. Trotter* (1992) 7 Cal.App.4th 363, 370.) That action is distinct from modifying "the actual verdict rendered," which we may not do. (*Ibid.*) Here, Vasquez does not ask to modify the judgment, but rather he seeks only to strike the inaccurate factual findings from the verdict forms. This case thus stands in contrast to those cited by the People, and we conclude forfeiture does not apply to this clerical error.

Turning to the merits, it is undisputed the jury was *not* asked to decide if Vasquez caused great bodily injury or death, and no evidence was presented at trial that the conduct alleged in these counts resulted in serious bodily injury or death. The verdict forms thus are not consistent with the jury instructions or the evidence.

Despite conceding the evidence is "unmistakable" the jury did not intend to make the great bodily injury or death finding on counts 3 and 12, the People deem the error "insignificant" and claim "there is no need to modify the verdict forms." But as Vasquez points out, it is "impossible" to identify the error "from looking at the verdict forms alone," without reviewing the jury instructions and trial transcripts.

The sections of the Penal Code cited in the verdict forms for counts 3 and 12 do not foreclose the erroneous great bodily injury or death factual finding. Section 12022.53(c) is an enhancement for the personal and intentional discharge of a firearm; it does not require infliction of great bodily injury or death. Section 1192.7(c)(8) describes a serious felony to include one in which the defendant "personally inflicts great bodily injury on any person,

7

other than an accomplice, or any felony in which the defendant personally uses a firearm." Neither provision precludes a factual finding that Vasquez inflicted great bodily injury or death.

We agree with Vasquez the clerical error warrants correcting. A defendant's record of conviction, including verdict forms, is often used in subsequent proceedings, including parole hearings or resentencing procedures. (See *People v. Lewis* (2021) 11 Cal.5th 952, 972.) But the full record may not always be available in future proceedings, as the trial court clerk has authority to destroy court records. (Gov. Code, § 68152.) And without the relevant jury instructions and trial transcripts, there is no guarantee that the clerical error in Vasquez's verdict forms would be obvious to the decision-maker in a future proceeding. Thus, we will correct the clerical error in the verdict forms for counts 3 and 12 by striking the language about Vasquez inflicting great bodily injury or death.

### III.

We reverse Vasquez's life sentence imposed on count 12 and remand for resentencing on that count consistent with this opinion. We strike the 10-year enhancement imposed on counts 1 and 2. We also direct the trial court to correct the abstract of judgment to (1) describe count 11 as shooting at an inhabited dwelling and (2) list 2017 as the year the crimes were committed for counts 2 through 12. Finally, we direct the trial court to strike the following language from the verdict forms for counts 3 and 12: "and proximately caused great bodily injury or death to another person, not an accomplice." Following resentencing on count 12, the clerk of the superior court is directed to forward an amended abstract of judgment to the appropriate agencies. In all other respects, we affirm the judgment.

CASTILLO, J.

WE CONCUR:

KELETY, Acting P. J.

RUBIN, J.

9